## McDONOUGH v. GENERAL MOTORS CORPORATION.

1. JUDGMENT—SETTING ASIDE DEFAULT.

Policy against setting aside of default judgments is strict, but not so inflexible as to prevent setting aside a default judgment, where it would be unconscionable to let the judgment stand.

2. SAME—DEFAULT—UNCONSCIONABLE.

Default judgment for wrongful death against corporation alleged in complaint to have manufactured defective crane which caused decedent's death *held,* unconscionable when defendant shows by affidavits, uncontradicted by plaintiff, that defendant probably did not manufacture crane on failure of which its liability is founded by complaint and that failure of defendant to answer was caused by breakdown of orderly office procedures in offices of defendant's insurer, and manufacturer who probably did make crane has been added by amendment of complaint.

3. SAME—SETTING ASIDE DEFAULT—POWER OF COURT.

Court has power to set aside default judgment under court rule whenever manifest injustice or an unconscionable result flows from the default (GCR 1963, 528.3[6]).

4. SAME—SETTING ASIDE DEFAULT—EFFECT.

Vacation of default judgment puts plaintiff to the test of proving a case on the merits against defendant relieved from the default and the true cause of action has not been prejudiced in an ultimate determination on the merits (GCR 1963, 528.3[6]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30A Am Jur, Judgments § 632 *et seq.*
[3] 30A Am Jur, Judgments § 636.
[4] 30A Am Jur, Judgments § 728 *et seq.*
[5] 30A Am Jur, Judgments §§ 664, 665, 681.

5. SAME—SETTING ASIDE DEFAULT.

Default and judgment entered against alleged manufacturer
of defective crane in wrongful death action, whose failure
to answer was caused by breakdown of orderly office proce-
dures in offices of its insurer, and who has made it appear
that it probably did not manufacture the crane, *held*,
vacated and cause remanded for trial on the merits.

Appeal from Genesee; Parker (Donn D.), J.
Submitted Division 2 November 10, 1966, at Lan-
sing. (Docket No. 1,454.) Decided March 14, 1967.
Leave to appeal denied May 31, 1967. See 379 Mich
763.

Complaint by Joan Marie McDonough, admin-
istratrix of the estate of Michael McDonough, for
wrongful death of her decedent, against General
Motors Corporation, a Delaware corporation, Unit
Crane & Shovel Corporation, a Delaware corpora-
tion, and others. Default judgment entered against
defendant Unit Crane. Defendant Unit Crane's
motion to set aside default and file answer denied.
Defendant Unit Crane appeals. Reversed and
remanded for trial.

*Leitson, Dean, Dean, Abram & Segar,* for plaintiff.

*Sweeny, Dodd, Kerr, Wattles & Russell* (*Smith,
Brooker, Harvey & Cook,* of counsel), for defendant
Unit Crane & Shovel Corporation.

FITZGERALD, J. This appeal arises from a denial
by the trial court of a motion for rehearing or, in
the alternative, a motion, under GCR 1963, 528, to
set aside a default judgment of $125,000 taken
against appellant Unit Crane & Shovel Corporation.

The genesis of the action was on October 3, 1963,
on the premises of the Chevrolet assembly plant
of General Motors Corporation in Flint. Michael
McDonough sustained injuries resulting in his

death when a cable or chain of a stiffleg derrick became detached, causing the cable of the derrick to strike him. The deceased was 26 years old and left a wife and 2 sons surviving him. At the time of his death, he was earning $176 per week.

Action for damages under the wrongful death act[1] was begun in November of 1964 by the deceased's widow against General Motors and Unit Crane & Shovel, hereinafter referred to as "Unit Crane".

At this juncture, we must add to the mixture the factors which complicate the fact situation and bring about the appeal. At the time of the accident, Unit Crane had a wholly-owned subsidiary, although it was a distinct corporate entity, known as Bay City Shovels Corporation, making cranes in Bay City. To further entangle matters, at the same time, a company known as American Hoist & Derrick Company of St. Paul, Minnesota, is said to have had an office and manufacturing plant in Bay City and made derricks.

Unit Crane was served with process on January 15, 1965, and believing that the accident referred to in the summons arose under a certain policy which had previously been issued to Bay City Shovels by Travelers' Insurance, forwarded the complaint and summons to the agent for Travelers'.

Travelers', upon receipt of the summons, denied coverage on the basis that although it insured Bay City Shovels when the accident happened, Unit Crane was a separate and distinct corporation and was insured by the Continental Insurance Company. As a result, the process was forwarded to the Chicago office of Continental.

At about the same time, Continental closed its Flint claims office. As a result, a number of files

[1] CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).—
REPORTER.

were transferred from Flint to Detroit. At approximately the same time, the employee in charge of receiving and processing files left Continental's employ without notice. C. E. Johnson, claims manager of Continental in Detroit, acknowledged receiving the file in February of 1965 from his Chicago office. The particular *contretemps* which brought about this appeal was that Mr. Johnson, because of the help situation in his office, put this particular file together with other files on his desk for handling, it being subsequently taken therefrom and misfiled. No further action was taken on the case.

On June 9, 1965, plaintiff filed default in the Genesee County circuit court and on August 26th a default judgment was entered against Unit Crane in the amount of $125,000. Both Unit Crane and its insurance company learned of the default by reading of it in a Bay City newspaper.

Thereupon, Mr. Johnson, Continental claims manager, retained attorneys and investigators to look into the matter.

Transcripts of the proceedings had with respect to the default judgment indicate that no proofs were offered as to the manufacturer of the derrick involved, nor were any questions with respect to either manufacture or liability asked.

A motion to set aside the default judgment was filed within the required 4-month period on September 9, 1965, argued on September 20th and denied on October 8th on the basis that good cause was not shown.

Subsequent investigation showed that the particular derrick involved was an American Hoist & Derrick Company device known as a general purpose stiffleg derrick. Efforts to secure photographs of the device were successful, ultimately

demonstrating that the device involved was not manufactured by Unit Crane.

Based on this information, a motion for rehearing or, in the alternative, for relief from judgment under GCR 1963, 528, was filed, containing an affidavit of Mr. Johnson, indicating the circumstances under which the file was misfiled or lost. It also had attached an affidavit of George Frank, Unit Crane's sales manager, indicating from an examination of the transcript and an examination of the photograph that Unit Crane never manufactured a device such as was involved in this accident. Distinct construction features such as the utilization of U-bolts and the location of the hoist mechanism indicated that it was not a Unit Crane device. Mr. Frank's affidavit further said that he had received a letter from Richard Stryker, sales manager of American Hoist & Derrick, indicating that they made the particular derrick involved. The motion was presented to the court and again denied in the following language:

"For whatever it is worth to counsel and the appellate courts the real issue in this matter centers around the language in GCR 1963, 520.4, which states:

"'A proceeding to set aside default or a default judgment * * * shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.'

"The key word is *and;* it is not *or.* Petitioner has failed to persuade the court of either.

"Insofar as Unit Crane & Shovel Corporation's motion is for a rehearing on the court's previous ruling, it will be denied.

"Insofar as it is a motion for relief under GCR 1963, 528.3, the court will rule petitioner has failed to persuade the court it has met any of the six

reasons set forth therein, and the relief sought therein will be denied."

Subsequently, an appeal was taken to this Court and, under GCR 1963, 820, leave was granted to take depositions in support of the materials filed with respect to the motion for rehearing or, in the alternative, for relief from judgment.

As the matter now stands, amended complaints have been filed and American Hoist & Derrick is a party defendant to the action.

The hard and cold fact persists—which is the gist of this appeal—that Unit Crane has a $125,000 judgment against it based on manufacture of a device which, in fact, it evidently did not manufacture.

Counsel for appellees sets forth a number of compelling arguments contending that the judgment should be allowed to stand, not the least of these being the policy against setting aside defaults announced by our Supreme Court in *White* v. *Sadler* (1957), 350 Mich 511. This case, demonstrating the Michigan position of strictness regarding setting aside default, is definitive and yet we do not believe that it was written with a view toward condoning and perpetuating a judgment fraught with manifest injustice. In that case, it is stated, "It is conceivable, of course, that under some circumstances the affidavit of merits could show such a defense to the action that it would be unconscionable to let the judgment stand." In *White*, this test was applied and it was determined that the default in that case might stand and would not result in so-called unconscionability. Commenting on the defenses in that case, the Court pointed out that the statute of limitations defense was a technical defense and, "here at least, gives no semblance of demonstrating an unconscionable result."

The instant case, however, confronts us with three matters which may not be gainsaid:

(a) An affidavit of Mr. George Frank, sales manager of Unit Crane & Shovel Corporation, stating that company had never manufactured a stiffleg derrick.

(b) An affidavit of C. E. Johnson, stating that the sales manager of American Hoist & Derrick Company had acknowledged that his company manufactured and sold a stiffleg derrick to the employer of plaintiff's decedent.

(c) A transcript of a conversation with an industrial inspector of the Michigan department of labor wherein the derrick was identified as an American general purpose hoist.

Add to these the fact that no denial of any sort has been forthcoming from plaintiff and it is readily demonstrated why the resulting default here is unconscionable in the broadest sense of the word.

Buttressing our conclusion that this default judgment should not stand is the more recent case of *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37. That case was the first to deal with GCR 1963, 528, rather than former rule 28[2] and its predecessors. Though dispute arose in that case over whether the old or new rule applied, the majority holding pointed out that the trend of our jurisprudence is toward meritorious determination of issues. The Court stated, "On the merits of the main case, the doctor-defendant may have been blameless beyond question. He may have been in legal dimension answerable. The question is not before us. It has not been meritoriously litigated under our system of determination of that issue." Such is the situation before us in the instant case. The circuit court record and the depositions taken

---

[2] Court Rule No 28 (1945).—REPORTER.

for this Court give strong indication that Unit Crane may not be answerable.

The dearth of direct authority bearing directly on this matter, *i.e.,* setting aside a default against one who appears to lack connection with the cause of action, undoubtedly demonstrates that trial courts tend to grant such motions and that appellate courts have not been called upon to consider such a proposition.

Our GCR 1963, 528, was drawn from the Federal rules and some guidance is forthcoming from the approach of the Federal courts to their rule.

GCR 1963, 528.3(6), authorizes the setting aside of default judgments for "any other reason justifying relief from the operation of the judgment." This rule was adopted from Federal Rule 60b(6) and has been interpreted by the Federal courts on numerous occasions and offers assistance for an approach to its application.

In *Klapprott* v. *United States* (1949), 335 US 601 (69 S Ct 384, 93 L ed 266), Mr. Justice Black, commenting on Federal Rule 60(b) states: "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

Such an application for our own court rule appears appropriate in the instant case. Justice certainly is not served by extracting a judgment from one whose lack of connection with the grievance has been strongly indicated. The thrust of GCR 1963, 528.3(6), is clearly to free courts from the fetters of a set of specifically delineated bases for relieving from default whenever manifest injustice or an unconscionable result flows from the default.

Vacation of the default judgment will put plaintiff to the test of proving a case on the merits against appellant and the true cause of action has not been prejudiced in an ultimate determination on the merits.

The order of the trial court denying defendants' motion for a rehearing or, in the alternative, for relief from a default judgment is reversed and the default and default judgment entered on August 26, 1965, vacated, and the matter remanded to circuit court for trial.

Award of costs to await disposition in circuit court.

Quinn, P. J., and T. G. Kavanagh, J., concurred.