AUDRETSCH *v* BAILEY

1. Judgment—Default Judgment—Setting Aside.

The granting of a motion to set aside a default judgment is a question addressed to the discretion of the trial court (GCR 1963, 520.4).

2. Judgment—Default Judgment—Setting Aside—Unconscionable Result.

An appellate court, although loath to disturb the determination of the trial court on a motion to set aside a default judgment, will not let a default judgment stand where it works an unconscionable result (GCR 1963, 520.4).

3. Judgment—Default Judgment—Setting Aside—Unconscionable Result.

Denial by the trial court of defendants' motion to set aside a default judgment worked an unconscionable result and, therefore, must be overturned on appeal where the suit was for specific performance of an oral agreement to sell a home, the defendants' answers denied any agreement, defendants' attorney had requested of the circuit court assignment clerk that his case not be scheduled for trial during his absence from the country, the trial had been scheduled to be held during the attorney's absence, but had been adjourned at the request of an attorney in defendants' attorney's office, the trial was rescheduled during the attorney's absence, the plaintiff took a default without presenting any sworn evidence, the plaintiffs claimed that they had given proper notice and the attorney insisted that he first learned of the default nearly a year after the default judgment (GCR 1963, 520.2[2]).

References for Points in Headnotes

[1] 47 Am Jur 2d, Judgments § 1158.
[2] 46 Am Jur 2d, Judgments § 727.
[3] 46 Am Jur 2d, Judgments §§ 729, 730.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 January 12, 1972, at Detroit. (Docket No. 12303.)   Decided February 29, 1972.

Complaint by Robert and June Audretsch against Sarah Bailey and Shirley Garner for specific performance of an oral agreement to sell a house and for money damages.   Default judgment for plaintiffs.   Defendants' motion to set aside the default judgment denied.   Defendants appeal by leave granted.   Reversed and remanded.

*Charfoos, Charfoos & Gruber,* for plaintiffs.

*Volz, Mintz & McDonough,* for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

PER CURIAM.   This is an appeal from a default judgment entered in favor of plaintiffs and from the order denying defendants' motion to set aside that default judgment.

Plaintiffs in their complaint alleged that defendant Garner entered into an agreement to sell the home of defendant Bailey, the 80-year-old mother of defendant Garner, to plaintiffs; however, the agreement to make said sale was never executed.   Plaintiffs sought both specific performance of the agreement and money damages.

Defendants retained one Edward W. Lawrence, an attorney, who filed answers to the complaint.   In her answer, defendant Garner denied entering into the purported agreement to sell the house.   Defendant Bailey, by her answer, denied that defendant Garner had any authority to enter into any sales agreement

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

with respect to the house in question and denied that she had given an approval to the purported agreement of sale.

In early August of 1969, defendants' attorney, Mr. Lawrence, advised the Oakland County Circuit Court Assignment Clerk that he would be out of the country during the last two weeks of August and all of September, and requested that none of his cases be scheduled for trial during his absence. Despite this request, the instant case was set for trial on August 15, 1969; but it was adjourned to the next assignment date at the request of an attorney from Lawrence's office. The case was rescheduled for trial on September 26, 1969, but no attorney appeared for the defendants on that occasion. The plaintiffs, thereupon, without presenting any sworn evidence, took a default judgment in the amount of $2,351, and secured the signing thereof on October 2, 1969.

Although plaintiffs assert that certain notices were given, Attorney Lawrence insists that he had no knowledge of the default judgment until December 28, 1970, when he received a copy of the motion to enforce judgment.

The issue before us is whether or not the court abused its discretion in denying the motion to set aside the default judgment.

The granting of a motion to set aside a default judgment is a question addressed to the discretion of the trial court. See GCR 1963, 520.4. While appellate courts are loath to disturb the determination of the trial court in such matters, we will not let a default judgment stand where such judgment works an unconscionable result. *Penney* v *Protective National Insurance Co,* 24 Mich App 218 (1970); see also, *McDonough* v *General Motors Corporation,* 6 Mich App 239 (1967).

A review of the briefs and records convinces us that to allow this default judgment to stand would

be unconscionable under these circumstances.    The default judgment should be set aside.    Additionally, the plaintiffs, having failed to serve the necessary seven-day notice on defendants' representative prior to the hearing on application for default judgment against them, violated the requirements of GCR 1963, 520.2(2).

Reversed and remanded to the circuit court for proceedings not inconsistent with this opinion.    Costs to abide final result.