MISSION INVESTMENT COMPANY v PERFECT TOTALISATOR
CORPORATION

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—DIS-
   CRETION—COURT RULES.

   A proceeding to set aside a default or a default judgment, except
   when grounded on want of jurisdiction over the defendant,
   shall be granted only if good cause is shown and an affidavit of
   facts showing a meritorious defense is filed; relief from a
   default judgment is discretionary (GCR 1963, 520.4).

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—GOOD
   CAUSE.

   In a proceeding to set aside a default judgment for good cause,
   good cause would seem to include: a substantial defect or
   irregularity in the proceedings upon which the default was
   based, a reasonable excuse for failure to comply with the
   requirements which created the default, or some other reason
   showing that manifest injustice would result from permitting
   the default to stand.

3. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—GOOD
   CAUSE—NEGLECT OF COUNSEL.

   Neglect of counsel is not good cause to set aside a default
   judgment; therefore, where counsel failed to file a timely an-
   swer it is no excuse that he was out of the country for part of
   the filing period or that upon his return he had another trial to
   handle.

4. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—GOOD
   CAUSE—FACTUAL DISPUTE—MANIFEST INJUSTICE.

   A manifest injustice might result if a default judgment were
   allowed to stand in a case for recision of contract where the
   real factual issue in the case was whether the down payment

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments § 1158.
[2–4] 46 Am Jur 2d, Judgments § 708.
[5] 46 Am Jur 2d, Judgments §§ 776, 780.
[6] 46 Am Jur 2d, Judgments § 784.

for the purchase of a building was ever made and where if the factual dispute was resolved in favor of the defendant it would be a complete defense to the action.

5. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—DE-
TERMINATION ON MERITS.

A default judgment should be set aside where a serious question of fact has been raised by affidavits supporting the motion which should be determined on the merits.

6. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—
COSTS—COURT RULES.

The Court of Appeals in setting aside a default judgment for a plaintiff conditions its holding upon the payment by the defendant of the costs taxed below in the plaintiff's favor (GCR 1963, 526.8[1]).

Appeal from Isabella, Robert H. Campbell, J. Submitted Division 3 November 6, 1973, at Grand Rapids. (Docket No. 16228.) Decided January 17, 1974.

Complaint by Mission Investment Company against Perfect Totalisator Corporation for rescission of contract. Default judgment for plaintiff. Defendant's motion to set aside the default judgment denied. Defendant appeals. Reversed and remanded for further proceedings consistent with opinion.

*Robert E. Price,* for plaintiff.

*Paul G. Valentino,* for defendant.

Before: R. B. BURNS, P. J., and DANHOF and O'HARA,* JJ.

PER CURIAM. Defendant brings this appeal from the trial court's order of January 5, 1973, denying

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant's motion to set aside a default judgment entered against defendant on July 28, 1972.

On March 8, 1972, plaintiff filed a complaint alleging that on January 22, 1972, a contract was entered into between plaintiff, vendor, and defendant, vendee, for the sale of an apartment complex in Mt. Pleasant, Michigan. The sale price was $600,000 with a down payment of $167,518.33 to be paid at closing. The down payment was allegedly never paid. For reasons which are not altogether clear, plaintiff paid defendant $11,947 at the closing.

Plaintiff sought recision of the contract, return of the $11,947, and $50,000 in damages for fraud from defendant corporation and its president, Peter Lazaros. Thereafter, plaintiff moved for the appointment of a temporary receiver and defendant moved that the complaint be dismissed. A temporary receiver was appointed and defendant's motion to dismiss was denied without prejudice.

On June 23, 1972, plaintiff filed an amended complaint, deleting the allegations of fraud and eliminating Peter Lazaros as a codefendant. When defendant failed to file an answer to the amended complaint within 20 days, GCR 1963, 108.3(3), plaintiff filed a default and thereafter moved for judgment.

A hearing on plaintiff's motion was set for July 28, 1972. On July 27, 1972, defense counsel filed an answer to the amended complaint together with a document entitled "affidavit of merits".[1] A hearing on the motion for default judgment was held on July 28, 1972, and, defense counsel not being present,[2] a default judgment was entered against

---

[1] The "affidavit of merits" filed on July 27 sets forth certain reasons for defense counsel's failure to file a timely answer, but does not set forth a meritorious defense to plaintiff's action.

[2] At the hearing on defendant's motion to set aside the default

defendant. The judgment voided the contract and allowed recovery against defendant corporation in the amount of $11,947 plus costs.

Defendant's motion to set aside the default judgment was filed on August 7, 1972. A hearing on defendant's motion was held on September 1, 1972.

Relief from a default judgment is discretionary. GCR 1963, 520.4 sets out the requirements to be fulfilled by the moving party in requesting such relief. The pertinent portion of the rule is as follows:

"A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

Since no question of jurisdiction was raised in the proceedings, it was incumbent upon defendant to show good cause and to have filed an affidavit of facts showing a meritorious defense.

In *Milinsky v Schmidt, Ellis & Assoc, Inc,* 48 Mich App 192, 195; 210 NW2d 367, 368 (1973), this Court quoted with approval from 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 662, as to the meaning of good cause:

" 'Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregu-

judgment, defense counsel alleged that he had telephoned plaintiff's counsel around noon on July 28 and informed him that he would be late because of airplane tire trouble. It was further alleged by defense counsel that he arrived at the Isabella County courthouse on July 28, after proceedings had been completed and the judgment entered. The record does contain a second "affidavit of merits" by defense counsel which was filed sometime on July 28. This latter document does allege a meritorious defense and incorporates by reference the purported affidavit of William Buescher which had previously been made part of the record and which will be discussed, *infra.*

larity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.' "

In the case at bar, there has been no allegation of any defect or irregularity in the proceedings. We reject defendant's contention that there was a reasonable excuse for failure to comply with the requirements creating the default. Defense counsel stated in his first "affidavit of merits" that his failure to file a timely answer was due to his absence from the country. Defendant relies on the case of *Audretsch v Bailey,* 39 Mich App 116; 197 NW2d 311 (1972). But in the *Audretsch* case the default was due to defendant's failure to appear and defend. There defense counsel had filed an answer and then left the country for six weeks after apprising the court clerk of that fact and requesting that none of his cases be scheduled for trial during his absence. Here defense counsel made no provisions in advance regarding his absence. Furthermore, his affidavit states that he was out of the country from June 14, 1972 through July 10, 1972. Counsel was therefore not absent during the entire 20-day period, and would have been able upon his return to file a timely answer. As for counsel's assertion that he was involved in a trial in Detroit after his return, no citation of authority is needed for the proposition that all attorneys are pressed with busy schedules. This should not, however, excuse a failure to meet filing deadlines.

Having determined that good cause cannot be shown by the excusable neglect of counsel, it is necessary to see if manifest injustice may result if the default judgment stands. The real factual issue

in this case is whether the down payment was ever made. In his second affidavit, defense counsel incorporated by reference the affidavit of William J. Buescher, president of plaintiff corporation, in which the receipt of $163,518.33 is acknowledged. However, by later affidavit, Mr. Buescher denied signing the affidavit acknowledging the receipt of the down payment.

At the hearing on the motion for default judgment, at which defendant was neither present nor represented, Mr. Buescher denied that plaintiff received any consideration. He did testify to receiving two promissory notes from defendant. One note was for $50,000 and the second note covered the remaining balance of the down payment. Mr. Buescher testified that he exchanged the $50,000 note for defendant's check which was returned "payment stopped", and that the second note "mysteriously disappeared out of my portfolio". He further testified that, at the closing, there was an exchange of two of plaintiff's checks totalling $11,-947 for two of defendant's checks totalling the same amount, and that the checks drawn by plaintiff were paid while the checks drawn by defendant were returned "payment stopped".

Needless to say, the unraveling of such mysterious circumstances and allegations is the stuff for which trial courts, not appellate courts, were made. If the facts purportedly subscribed to in Mr. Buescher's original affidavit are true, defendant could have a complete defense to this action. In *Bednarsh v Winshall,* 364 Mich 113; 110 NW2d 729 (1961), a default judgment was entered in favor of plaintiff on his claim for moneys due in assumpsit. However, defendant's affidavit in support of his motion to set aside the judgment alleged payment and cancelled checks were at-

tached. There were counter-affidavits which alleged that these payments were not from defendant and went to another account. The Supreme Court set aside the default judgment, holding that a serious question of fact had been raised which should be determined on the merits. Such is the case here. Since a receiver has been appointed, the interests of both parties will be protected pending that determination. The trial court shall insist on full compliance with the applicable court rules so that this case can be advanced for trial at the earliest date possible.

The setting aside of the default judgment is conditioned upon payment by defendant of the costs taxed below in plaintiff's favor. GCR 1963, 526.8(1). Failure by defendant to pay these costs within 20 days of the filing of this opinion shall result in reinstatement of the judgment previously entered.

Reversed and remanded for further requisite proceedings consistent with this opinion. All other costs to abide the final outcome. We retain no further jurisdiction.