OKROS v MYSLAKOWSKI

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—GOOD
   CAUSE—DEFENDANTS—JURISDICTION—ELEMENTS.

   It is incumbent upon a defendant moving to set aside a default
   judgment to show good cause and a meritorious defense sup-
   ported by an affidavit of facts, where no question of jurisdiction
   is raised in the proceedings; good cause includes (1) a substan-
   tial defect or irregularity in proceedings upon which the de-
   fault was based, (2) a reasonable excuse for failure to comply
   with the requirements which created the default, or (3) some
   other reason showing that manifest injustice would result from
   permitting the default to stand.

2. JUDGMENT—DEFAULT JUDGMENT—PROCEDURE—FAILURE TO AN-
   SWER COMPLAINT—STIPULATION—EXTENSION—BINDING OMIS-
   SION.

   A defendant's attorney who, acting under a good faith belief that
   there was an understanding with plaintiff's counsel to defer
   entry of default, failed to answer a complaint within the 20-day
   time limit is nevertheless bound by the subsequent default
   judgment where he failed to obtain a written stipulation of the
   agreement from plaintiff's counsel or an extension from the
   circuit judge; his omission is attributable to his client.

3. STATUTES—CANDIDATES FOR COMMISSIONER—RESIDENCY—FILING
   FOR ELECTION—VOIDING ELECTIONS.

   A statute provides that candidates for the office of commissioner
   shall be residents and registered voters of the district which
   they seek to represent; one becomes a candidate when he files
   for election to office and must at that time meet the require-
   ments or have any subsequent nomination or election to office
   declared void (MCLA 46.411; MSA 5.359[11]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 784.

[2] 46 Am Jur 2d, Judgments § 724.

   Opening default or default judgment claimed to have been obtained
    because of attorney's mistake as to time or place of appearance,
    trial, or filing of papers. 21 ALR3d 1255.

[3] 25 Am Jur 2d, Elections §§ 133, 177.

Appeal from Macomb, Edward J. Gallagher, J. Submitted October 11, 1975, at Detroit. (Docket No. 23591.) Decided February 11, 1976. Leave to appeal applied for.

Complaint by Stephen Okros against Raymond D. Myslakowski in *quo warranto,* challenging defendant's right to hold office as Macomb County Commissioner. Default judgment for plaintiff. Defendant appeals. Affirmed.

*Hess, Tranchida & Houghton,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Carl Marlinga),* for defendant.

Before: BRONSON, P. J., and BASHARA and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant appeals from a default judgment. The plaintiff brought a *quo warranto* action, GCR 1963, 715.1(2), challenging the right of the defendant to hold office as a county commissioner in Macomb County Commission District No. 2. The complaint alleged that the defendant, who was a candidate for the office of commissioner, was neither a resident nor registered voter in the district as required by state law. MCLA 46.411; MSA 5.539(11). Therefore, the defendant's nomination in the Democratic primary and subsequent election to office were void.

Prior to June 18, 1974, the defendant was not a resident of the district. On that date he alleges that he entered into a lease agreement to rent a room from one Virginia Brill Franks. Mrs. Franks denied there ever was an agreement. By the August primary the defendant had established residency at another location in the district.

The defendant filed for the office of commis-

sioner June 18, 1974. Two days later he registered to vote.

On January 27, 1975, this action was instituted against the defendant. Defendant failed to file an answer and a default judgment was entered. Defendant argues that the trial judge abused his discretion in refusing to set aside the default judgment.

A default judgment may be set aside in accordance with the provisions set forth in GCR 1963, 520.4 and 528. *Albro Leasing, Inc v Sylvester,* 40 Mich App 227, 229; 198 NW2d 437 (1972). Where no question of jurisdiction is raised in the proceedings, it is incumbent upon the defendant to show good cause and a meritorious defense supported by an affidavit of facts. *Mission Investment Co v Perfect Totalisator Corp,* 51 Mich App 376, 379; 214 NW2d 898 (1974), GCR 1963, 520.4.

The definition of good cause that has generally been adopted by Michigan courts is that taken from 2 Honigman & Hawkins, Michigan Court Rules Annotated, 2d ed, p 662.

"Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand."

See also *McDonald v Kersten,* 24 Mich App 681, 684; 180 NW2d 810 (1970), and *Butler v Cann,* 62 Mich App 663, 667–668; 233 NW2d 827 (1975). There is no allegation of substantial defect or irregularity in the proceedings. Therefore, we will analyze the factual situation in terms of reasonable excuse and manifest injustice to determine

whether the defendant has shown good cause to justify setting aside the default judgment.

Defendant suggests that his failure to file an answer can be reasonably excused on the ground that a misunderstanding occurred between · his counsel and plaintiff's counsel. Defense counsel initially refused to represent the defendant due to a prior unresolved fee dispute. Defense counsel contacted plaintiff's attorney and explained that until the fee dispute was settled, he would take no action in behalf of the defendant. Plaintiff's counsel informed defendant's attorney that he would allow him a reasonable time to clarify his status as counsel for the defendant. Acting on this representation defense counsel told the defendant that he would have a reasonable time to resolve the fee dispute or obtain another attorney with regard to the 20-day limit for answering the complaint.

Defendant's attorney failed to obtain a stipulation from plaintiff's counsel for filing an answer, GCR 1963, 507.9, or an extension from the circuit judge. GCR 1963, 108.7(2). Although defense counsel acted with a good faith belief that there was an understanding to defer entry of default, his neglect or omission is not adequate grounds for setting aside a default judgment. *Badalow v Evenson*, 62 Mich App 750, 754; 233 NW2d 708 (1975). His omission is attributable to the client. *White v Sadler*, 350 Mich 511; 87 NW2d 192 (1957).

Moreover, the defendant is not entirely blameless as recognized by the trial judge:

"As a matter of fact, while you may advance argument of poverty and things like that, Mr. Myslakowski was in the building and Mr. Myslakowski knows what makes the wheels go around. I will not set aside the default."

It appears that during the 29 days between the service of the complaint and the filing of the default, defendant took no action to resolve the fee dispute, retain other counsel or notify the court. Defendant has failed to show a reasonable excuse for failure to comply with the requirements which created the default.

We next consider whether manifest injustice would result from allowing the judgment to stand. Different panels of our Court have analyzed manifest injustice in terms of an unconscionable result, *Albro Leasing, Inc v Sylvester, supra, McDonough v General Motors Corp,* 6 Mich App 239; 148 NW2d 911 (1967), *lv den* 379 Mich 763 (1967), or undue hardship on the defendant. *McDonald v Kersten, supra.* These are imprecise standards which provide little guidance. However, we believe that removing a duly elected public official from office without a hearing when he may have a meritorious defense approaches what may be termed the abstract standard of manifest injustice. We therefore proceed to determine whether the defendant has presented a meritorious defense.

MCLA 46.411; MSA 5.359(11), provides in relevant part:

"Candidates for the office of commissioner shall be residents and registered voters of the district which they seek to represent * * * ."

Defendant argues that his status as a candidate with regard to residency and voter requirements are determined as of the date of the primary. We disagree.

One becomes a candidate when he files for election to office. *City of Grand Rapids v Harper,* 32 Mich App 324, 329–330; 188 NW2d 668 (1971), *lv den* 385 Mich 761 (1971). MCLA 46.411; MSA

5.359(11), clearly mandates a candidate for commissioner be a registered voter in the district he seeks to represent. Defendant concedes he had not registered to vote when he filed for the position of commissioner. Therefore, the defendant was ineligible as a candidate for commissioner in Macomb County. His nomination and subsequent election were void. We find that defendant has failed to present a meritorious defense.

Affirmed and the order staying enforcement of the judgment is terminated.

No costs, a public question.