HOYNE v ALLSTATE INSURANCE COMPANY

Docket No. 30679. Submitted February 8, 1978, at Detroit.—Decided May 22, 1978.

Douglas Hoyne brought an action against Allstate Insurance Company for payment of his claim under an insurance contract covering a partially constructed building owned by plaintiff which was damaged by a windstorm. Default judgment entered for plaintiff in Common Pleas Court of Detroit, Daniel J. VanAntwerp, J. Defendant's motion in common pleas to set aside the default was denied as being untimely filed. Defendant appealed to Wayne Circuit Court. George T. Martin, J., reversed and returned the matter for trial in Common Pleas Court. Plaintiff appeals. *Held:*

A common pleas default judgment should not be set aside where a party has failed to file a required motion for adjournment supported by a showing of cause. Once a default judgment has been entered it may be set aside after the 10-day period for the filing of a motion to set aside has expired only upon a special motion supported by an affidavit that there was lack of personal service on the judgment debtor.

Reversed and default reinstated.

M. J. KELLY, P. J., concurs in the result reached by the majority but would reverse only because defense counsel was notified by the common pleas clerk of the entry of a default and he took no action within the 10-day period provided to set such judgments aside.

OPINION OF THE COURT

1. JUDGMENT—DEFAULT JUDGMENT—COURTS—COMMON PLEAS COURT —SETTING ASIDE DEFAULT—SPECIAL MOTION—AFFIDAVIT—GOOD CAUSE—STATUTES.

A default judgment in Common Pleas Court may be set aside

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments §§ 708, 717, 740, 776, 780.

[2] 46 Am Jur 2d, Judgments § 708.

[3] 7 Am Jur 2d, Attorneys at Law § 110.

[4] 46 Am Jur 2d, Judgments § 701.

[5] 46 Am Jur 2d, Judgments §§ 704, 705.

[6] 4 Am Jur 2d, Appeal and Error §§ 115, 127.

5 Am Jur 2d, Appeal and Error § 854.

after the regular time for the filing of a motion to set aside such default has expired by a special motion supported by affidavit based upon the personal knowledge of the affiant and setting forth: (a) that such motion is based upon a lack of personal service of process upon the judgment debtor, (b) that no delayed appeal from or transcript of the judgment has been taken and no other proceeding seeking relief therefrom has been instituted in any other court, (c) that the defaulted party has a good and meritorious defense, and (d) that the motion was filed within 10 days after the judgment debtor had actual notice of such judgment (MCL 728.29; MSA 27.3680).

2. JUDGMENT—DEFAULT JUDGMENT—COURTS—COMMON PLEAS COURT —SETTING ASIDE DEFAULT—JURISDICTION—STATUTES.

The statutory grounds for setting aside a default judgment in Common Pleas Court after the regular time for filing a motion to set aside such default has expired are limited and the short time for raising such grounds is understandable in view of the limited jurisdiction of the court to which it applies (MCL 728.29; MSA 27.3680).

3. ATTORNEY AND CLIENT—ERRORS OF ATTORNEY—CHARGED AGAINST CLIENT.

Generally, the errors of an attorney must be charged against the client.

4. JUDGMENT—DEFAULT JUDGMENT—COURTS—COMMON PLEAS COURT —SETTING ASIDE DEFAULT—ADJOURNMENTS—MOTIONS—COMMON PLEAS RULES—DELAYING TACTICS—STATUTES.

The adjournment rule of Common Pleas Court requires a motion and showing of cause for adjournment; a defendant who claims that he was mistaken about an agreement to adjourn should not be relieved from a default judgment where no motion for adjournment was filed with the court and there was no act by the court which would lead counsel to believe the case was further adjourned and where the record indicates defendant was more interested in delaying the matter than in having it heard (MCL 728.29; MSA 27.3680, CPR 28, § 2).

CONCURRENCE BY M. J. KELLY, P. J.

5. JUDGMENT—DEFAULT JUDGMENT—COURTS—COMMON PLEAS COURT —NOTICE.

*A defense counsel who is notified by the Common Pleas Court*

*clerk of entry of default judgment against his client and who then fails to act to have the judgment set aside within 10 days acts at his peril.*

6. Judgment—Default Judgment—Courts—Circuit Court—Common Pleas Court—Appellate Relief—Grounds for Relief.

*It is error for a circuit court to grant appellate relief from a default judgment of the Common Pleas Court without giving any reasonable ground therefor.*

*Ross & Soloy* (by *Richard W. Kochansky*), for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.* (by *Mark A. Silver*), for defendant.

Before: M. J. KELLY, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. BURNS, J. This is an appeal by leave granted to review the circuit court's action of setting aside a default judgment entered in the Detroit Common Pleas Court. The underlying action involves a claim under an insurance policy issued by defendant on a building under construction. When defendant failed to appear on the adjourned trial date, the common pleas judge entered default judgment for $7,000 plus costs.

The trial in this matter was set for February 25, 1976. On February 17, 1976, the parties filed a written stipulation to adjourn the trial date to March 8, 1976. The defense failed to appear on that date and the judgment noted above was entered.

Defendant's attorney has alleged in the various motions to set aside the default that he had informed plaintiff's attorney of a scheduling conflict and was under the impression that the matter would be further adjourned. We note that no

motion, required for the second adjournment, was ever filed in the common pleas court. CPR 28, § 2.

Defendant moved to set aside the default on March 24, 1976, 16 days after it was entered. The common pleas judge denied the motion, stating: "Denied, under Rule 19, the same being untimely filed, and appears to be the fault or neglect of defendant." CPR 19, § 3 then required the motion to be filed within 10 days after the default judgment was entered.

After a substitution of attorneys, defendant moved for rehearing. In the motion the defendant argued that the default judgment should be set aside under GCR 1963, 528.3. The common pleas judge granted rehearing but refused to set aside the default, noting: "Circuit court may have authority under GCR 528.3, but common pleas court does not."

On appeal to the circuit court, the default was set aside and the matter returned to common pleas for trial. It is not clear from the record, but apparently the circuit court relied upon GCR 1963, 528.3.

The original motion to set aside the judgment was not timely under CPR 19. The problem lies in what procedure must be followed to set aside the default judgment after this original time period had run.

CPR 39 provides: "In all matters not herein provided for, or not expressly prohibited or specified by statute, the Michigan Court Rules shall govern."

In this case, the matter is "specified by statute". MCL 728.29; MSA 27.3680 provides in part:

"In any case where default judgment shall have been rendered by any such court against any defendant and

the regular time for * * * motion to set aside such default * * * has expired, the judge who rendered such judgment or his successor in office, shall have power to set aside such judgment and grant a new trial on special motion therefor supported by affidavit based upon the personal knowledge of the affiant, setting forth, in substance, the following facts: (a) that such motion is based upon lack of personal service of process upon the judgment debtor; (b) that no delayed appeal from or transcript of such judgment has been taken and no other proceeding, seeking relief therefrom, has been instituted in any other court; (c) that said defaulted party has a good and meritorious defense to the action; and (d) that such motion is filed within 10 days after such judgment debtor had notice or actual knowledge of the existence of such judgment".

This statute provides the grounds upon which relief may be granted after the time specified in Rule 19 has expired and the procedure to be followed. That the grounds are limited and the time for raising them short is understandable, given the limited jurisdiction and the nature of the court to which it applies.

The defendant has not filed an affidavit containing the information envisioned by the statute. It has never properly moved to set aside the default.

Even if we were to assume that GCR 1963, 528.3 could have been applied either by the common pleas court or the circuit court sitting as an appellate court, relief would not be justified here.

Generally, the errors of an attorney must be charged against the client. *White v Sadler,* 350 Mich 511; 87 NW2d 192 (1957). It is difficult to perceive how the attorney could have been "mistaken" about the fact that the trial had not been adjourned where the rules clearly require a motion and a showing of cause before a judge. CPR 28, § 2. There has been no allegation that a motion

for adjournment was ever filed or that there was some act by the court which led counsel to believe that the case was further adjourned. Despite the assertion, made now, that defendant is ready and anxious to have the cause heard on the merits, one could conclude from the delays occasioned before the final trial date was set and the delayed efforts to have the judgment set aside, that defendant was more interested in delaying the matter than in having it heard. Defendant is not entitled to relief under the general court rules on the facts of this case. See, *Okros v Myslakowski,* 67 Mich App 397; 241 NW2d 223 (1976), *lv den,* 397 Mich 861 (1976).

The circuit court erred in setting aside the default on this record.

Reversed and default reinstated. Costs to appellant.

R. M. MAHER, J., concurred.

M. J. KELLY, P. J., *(concurring).* I concur in the result reached by Judge BURNS and write to address two issues. The first is the motion practice mentioned in the majority opinion regarding adjournments.

CPR 28, § 2 was for many years, to my certain knowledge, honored in the breach rather than in the adherence. I would be reluctant to ground any decision on failure to follow the procedure outlined in CPR 28, § 2. What persuades me to join in the majority is the unrebutted docket entry to the effect that defense counsel was notified by the common pleas court clerk of entry of default judgment by notice mailed March 9, 1976, which informed him to appear within 10 days if he wished to set aside the default. This he ignored at his peril. We have absolutely no clue as to Judge Martin's reason for reversing the common pleas

court. His order contains no reason and there apparently was no record made of any decision he might have verbalized from the bench.

I would not hold that the attorney error was in failing to appear for motion and order to show cause before a judge of the common pleas court under CPR 28, § 2 just because it was a second adjournment. I would reverse on the narrow ground that the common pleas court did not err in refusing to set aside the default and that the circuit court did err in granting appellate relief without giving any reasonable ground therefor where the proceedings in the common pleas court were regular and the docket shows noncompliance with CPR 19. Whether a circuit judge could exercise discretion under GCR 1963, 528.3 in an appellate role where a lower court judge did not have such discretion I consider dubious but would leave that determination to another date. I would hold however that CPR 39 does not invoke GCR 1963, 528.3 to invest the common pleas court with the broad jurisdiction outlined in GCR 1963, 528.3 as to default judgments.