JOSEPH W. GANTZ v. JEHIEL W. TOLES, HULDAH TOLES AND WALLACE TOLES.

*Marshalling assets—Notice of foreclosure—Right of redemption barred by laches—Wife can buy in her husband's property after foreclosure upon it is made absolute.*

The grantee of a parcel of mortgaged land is entitled to have the rest of the land sold to satisfy the mortgage before resort is had to his.

The general rule for notices in Michigan excludes the day from which they begin to run and includes that of performance.

Only twelve weeks interval can be required between the publication of notice of foreclosure sale and the sale itself.

A wife cannot become indebted to her husband's creditor by merely joining in her husband's bond or mortgage to him.

The right of a second mortgagee to redeem from the foreclosure of the prior mortgage, is barred if he allows the foreclosure to become absolute.

A mortgager's wife who has joined in the mortgage to release her dower, loses her original right by foreclosure, and has as good a right as any one to buy in the property from the foreclosure purchaser after the foreclosure becomes absolute.

Appeal from Eaton. Submitted April 23. Decided April 24.

FORECLOSURE. Complainant appeals.

*Isaac M. Crane* and *Henry A. Shaw* for complainant.

*John M.* and *I. H. Corbin* for defendants. A grantee of mortgaged land is entitled to have the rest of the land that is covered by the mortgage sold to satisfy it before resort is had to his portion, *Cooper v. Bigly,* 13 Mich., 463; *Mason v. Payne,* Walk. Ch., 459; *Caruthers v. Hall,* 10 Mich., 40; *James v. Brown,* 11 Mich., 25; he who has priority in time has priority in right, 1 Story's Eq. Jur., 56, § 64; a foreclosure title that is paramount to the rights of a subsequent mortgagee cannot be litigated in a suit to foreclose the later mortgage, *Corning v. Smith,* 6 N. Y., 82; *Eagle Fire Company v. Lent,* 6 Paige, 635; Pomeroy on Remedies, § 334; 7 Cent. Law Journal, 407; a wife cannot be surety for her husband, *West v. Laraway,* 28 Mich., 464; *Powers v. Russell,* 26 Mich., 179; *Emery v. Lord,* 26 Mich., 431.

CAMPBELL, C. J. Complainant filed his bill to enforce his rights under two mortgages on property at Eaton Rapids, made by Jehiel and Huldah Toles, and owned by him, and long past due. One of them had been once foreclosed irregularly, and that foreclosure is now out of the controversy. The bill contains some special aver-

ments to reach Hannah and Wallace Toles, as setting up rights derived under an old mortgage and its foreclosure, which are claimed by complainant to have been obtained under circumstances which subjected them to his equities.

When complainant's mortgages were made there was an older mortgage outstanding to one Houghton, covering the same property and an adjacent parcel, which latter had also been conveyed to a third party whose rights are not disputed, and whose land, on a foreclosure of the Houghton mortgage, could not, on well settled rules of priority, have been sold until the land mortgaged to complainant was exhausted.

On the 28th day of January, 1876, publication was begun of a foreclosure notice of a sale to be made on the 21st day of April, 1876. This notice was published once every week, thirteen times, the last publication being on April 21st. Upon this notice questions arise which will be presently referred to.

The sale was made at the day appointed, and the land was bid off for the debt and interest by Ira C. Moore, who after the year for redemption expired conveyed to Mrs. Toles for the amount of his bid and interest and a further sum due him on a debt due from her husband. Mrs. Toles mortgaged the land to her son Wallace for $1,500.

After the date of complainant's mortgages, Jehiel Toles conveyed the equity of redemption to his wife. Although she disputes the acceptance of this conveyance, yet we think she knew of it, and is to be regarded as in fact such grantee.

The complainant seeks to subject the claims of Mrs. Toles and Wallace Toles to his equities, on the ground that the alleged purchase was a mere redemption, which left his mortgages first mortgages. He also insists that the foreclosure was irregular and did not bar his rights. There is no reason to regard Wallace Toles as ignorant of any thing which might have affected his mother, and therefore the chief inquiry relates to her position.

There is some criticism made of alleged alterations in the dates in the foreclosure documents. This refers especially to the date of the last publication, the affidavit of which is averred to have been changed from the 20th to the 21st of April. Inasmuch as the paper was a weekly paper, and the day of the week was therefore uniform, we have no doubt the 21st was the true date. It is, however, of no importance, because the notice had already been published twelve times, and if the interval between the first publication and sale was long enough, the last publication was superfluous. That it was both correctly published and long enough, we have no doubt. The period was fully twelve weeks excluding the day of the first publication and including the day of sale. The general rule in regard to notices which has always prevailed in this State includes the day of performance and excludes the day from which notice begins to run. This is the only rule which would not in such a case as this make the sale more than twelve weeks after the first publication, and no more than twelve weeks can be required. The sale was regular.

There is no testimony tending to prove collusion or fraud; and we do not think there is any foundation for supposing that Mrs. Toles resorted to any improper contrivance to conceal a redemption under the pretense of a purchase. The testimony is positive that the purchase was made after the title of Mr. Moore had become absolute. Mrs. Toles had as good a right to buy it as any one else had, and was under no obligation to pay out money for the benefit of complainant. She was not his debtor. Her husband was such a debtor, but she could not become so either by joining in the mortgages to release her dower, or by the invalid act of joining in the bond. She had no different relations towards complainant from those of any one else in a similar position. Her original rights having been cut off by the foreclosure, she is now only a purchaser from Moore, and she has all the rights which Moore himself would have had in case he had kept the land.

Complainant could have redeemed at any time before the title of Moore became absolute. Having failed to exercise that right, we think his rights have become barred, and that his bill was properly dismissed. The decree must be affirmed with costs.

The other Justices concurred.