FIRST BANK OF CADILLAC v BENSON

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—GOOD CAUSE—MERITORIOUS DEFENSES.

Both good cause and a meritorious defense must be shown before a default judgment will be set aside; good cause is defined as (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.

2. COURTS—COMPUTING TIME—COURT RULES.

Michigan Court Rules provide that in computing time, the day of the act, event or default after which the designated period of time begins to run is not included while the last day of the period is to be included; two additional days are allowed when service by mail is addressed for delivery outside the county of mailing (GCR 1963, 108.6, 108.7[1]).

3. COURTS—COMPUTING TIME—NOTICE—GENERAL RULE.

The general rule with regard to the computation of legal notice is that the day of performance of the required act is included and the day from which the notice begins to run is excluded; when an act is to be done a certain number of days before a day stated, then that day is excluded in the computation; but where the act is to be done a certain number of days before another act, then the day on which that act is to be done is included.

4. COURTS—PROCEDURE—ATTORNEY AND CLIENT.

An appellant's failure to obtain counsel for more than a month

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 708, 740.
[2] 20 Am Jur 2d, Courts § 84.
   47 Am Jur 2d, Judgments §§ 1152, 1178.
[3] 20 Am Jur 2d, Courts §§ 84, 86.
[4] 7 Am Jur 2d, Attorneys at Law § 143.
[5] 46 Am Jur 2d, Judgments §§ 724, 737.
   Opening default or default judgment claimed to have been obtained because of attorney's mistake as to time or place of appearance, trial, or filing of necessary papers. 21 ALR3d 1255.

after his first attorney withdrew from his case does not reasonably excuse his failure to comply with a production order by the lower court entered prior to his attorney's withdrawal where all proceedings in the case were suspended for thirty days to provide the appellant the opportunity to secure counsel.

5. Appeal and Error—Attorney and Client—Attorney's Neglect —Default Judgments—Setting Aside Judgments.

The neglect or omission of a party's attorney does not constitute adequate grounds for setting aside a default judgment; the neglect of an attorney is generally regarded as attributable to his client.

Appeal from Wexford, William R. Peterson, J. Submitted January 6, 1978, at Grand Rapids. (Docket No. 77-2445.) Decided February 23, 1978.

Complaint by the First Bank of Cadillac for interpleader against Arnold E. Benson and Violet M. Benson to settle the defendants' adverse claims to a bank account with the plaintiff. The bank was allowed to deposit the funds from the account with the Wexford County Clerk and to withdraw from the case. The defendants then filed cross-claims with respect to the account. Judgment for Violet M. Benson. Arnold E. Benson appeals. Affirmed.

*Benson & Wotila,* for Arnold E. Benson.

*Herrinton, Herrinton & Hughes, P. C.,* for Violet M. Benson.

Before: D. F. Walsh, P. J., and R. M. Maher and Beasley, JJ.

Per Curiam. The First Bank of Cadillac commenced this interpleader action against Arnold E. Benson and Violet M. Benson. The bank was allowed to deposit $26,195.82 plus interest with the

Wexford County Clerk, leaving the adverse claimants, the appellant and the appellee in this case, to file cross-claims with respect to the bank account.

Andy E. Benson died, leaving a widow, Violet M. Benson, the appellee, and an only son by a prior marriage, Arnold E. Benson, the appellant. In 1971, a general savings account was opened at the bank. The signature card for the account contained the signed name of Andy E. Benson and the printed name of Arnold E. Benson. Arnold never submitted a signature card to the bank.

In 1976, a new signature card was delivered to the bank on which the signatures of Andy E. and Violet M. Benson provided for a joint account. The reverse side was also signed by both parties, thus providing for a joint account with survivorship benefits.

Both Arnold and Violet laid claim to the funds. Arnold contended that Andy held the account in trust for Arnold; that the account was a gift; that Andy made a change in account ownership only in his final illness; that Andy was, therefore, incompetent to make a change in ownership; and that Violet interfered with a trust agreement between Arnold and Andy by inducing the change. Violet laid claim to the account on the basis that it was a joint and survivorship account.

On April 20, 1977, the trial court entered judgment against Arnold on three grounds: default for failure to comply with discovery orders; summary judgment pursuant to GCR 1963, 117.2(3) and accelerated judgment pursuant to GCR 1963, 116.1(5). On May 9, 1977, Arnold moved to set aside the default judgment pursuant to GCR 1963, 520 and 528.3. The motion was denied. Arnold appeals as of right.

In the instant case, a default judgment was entered against appellant for failure to comply with the court's order of December 28, 1976, which required production on or before January 15, 1977, of certain documents requested by appellee.

On February 1, 1977, appellee filed a motion for an order to show cause for appellant's failure to comply with the court order. On March 8, 1977, because appellant's attorney withdrew from the case, the trial court ordered that all proceedings in the case be suspended for 30 days. Appellee again moved on April 8, 1977, for an order to show cause. The trial court issued the order on April 11, 1977, and required appellant to appear on April 20, 1977. Appellant failed to appear on April 20, 1977, and the trial court entered the default judgment.

Before a default judgment will be set aside both good cause and a meritorious defense must be shown. *Butler v Cann,* 62 Mich App 663; 233 NW2d 827 (1975), *Okros v Myslakowski,* 67 Mich App 397; 241 NW2d 223 (1976). Good cause is defined as:

"(1) a substantial defect or irregularity in the proceedings upon which the default was based,

"(2) a reasonable excuse for failure to comply with the requirements which created the default, or

"(3) some other reason showing that manifest injustice would result from permitting the default to stand." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 662.

See, also, *Mission Investment Co v Perfect Totalisator Corp,* 51 Mich App 376; 214 NW2d 898 (1974).

Appellant claims there was a substantial defect or irregularity in the proceedings because he had

insufficient notice of the April 20 hearing. GCR 1963, 520.2(2) requires that "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least 7 days prior to the hearing".

In computing time, the day of the act, event or default after which the designated period of time begins to run is not included while the last day of the period is to be included. See GCR 1963, 108.6. Two additional days are allowed when service by mail is addressed for delivery outside the county of mailing. GCR 1963, 108.7(1).

The hearing on appellee's motion for an order to show cause was held on April 11, 1977; the first day under the 7-day notice was Tuesday, April 12 and the last day of the 7-day period was Monday, April 18. The two-day mailing period meant that the hearing could be held on Wednesday, April 20.

April 20, the day the hearing was scheduled, is properly included as the last day. The general rule with regard to notice includes the day of performance and excludes the day from which the notice begins to run. *Gantz v Toles,* 40 Mich 725 (1879), *In re Miller's Estate,* 173 Mich 467; 139 NW 17 (1912). When an act is to be done a certain number of days before a *day* stated, then that day is excluded in the computation, but where, as here, the act is to be done a certain number of days before another *act,* then the day on which that act is to be done is included. *Chaddock v Barry,* 93 Mich 542; 53 NW 785 (1892).

Appellant also suggests that he had a reasonable excuse for his failure to comply with the production order because he was unable to obtain counsel. Given the circumstances, we do not find appellant's suggested excuse to be reasonable. Appellant had more than a month in which to retain new

counsel after his first attorney withdrew. The length of the period makes it impermissible for us to find appellant had a reasonable excuse.

Appellant contends there is another ground which provides the reasonable excuse necessary for setting aside a default judgment. He claims he thought he had complied with the production order because he believed that his attorney had produced the requested documents. However, neglect or omission of a party's attorney does not constitute adequate grounds for setting aside a default judgment. *Badalow v Evenson,* 62 Mich App 750; 233 NW2d 708 (1975). In Michigan, the neglect of an attorney is generally regarded as attributable to his client. *White v Sadler,* 350 Mich 511; 87 NW2d 192 (1957). Appellant cannot, therefore, rely on his attorney's neglect to provide him with the reasonable excuse he seeks.

Finally, appellant claims that manifest injustice would result if the default is not set aside. In determining whether manifest injustice would occur, each case should be examined on its own facts. Appellant likens his situation to that of the party in *Mission Investment Co v Perfect Totalisator Corp, supra.* We find that case distinguishable. There the default was due to defense counsel's failure to file a timely answer. The Court apparently felt that it would be manifestly unjust if the party there was denied his day in court.

In the present case, only because he failed to secure counsel for himself, when he had sufficient time to do so, is defendant being denied his day in court. Appellant placed himself in the situation and should not be heard to complain of manifest injustice. The problem was of his own making.

Appellant has failed to demonstrate the good cause necessary to set aside a default judgment. Consequently, the trial court's entry of a default judgment is affirmed.