BOROVOY v BURSAR REALTY CORPORATION

Docket Nos. 77-4122, 77-4123. Submitted June 22, 1978, at Lansing.—
Decided November 6, 1978. Leave to appeal applied for.

Matthew Borovoy and Sol Luft brought actions against Bursar
Realty Corporation and other named defendants claiming that
the defendants sold the plaintiffs limited partnership interests
in Lone Pine Associates, a partnership intending to construct
an office building, in violation of Michigan's blue sky law. The
cases were consolidated for trial. The Oakland Circuit Court,
Alice L. Gilbert, J., granted a default judgment in favor of the
plaintiffs and against defendant Bursar Realty Corporation.
Defendant Bursar Realty Corporation appeals. *Held:*

A default judgment may be entered when a party against
whom a judgment for affirmative relief is sought has failed to
plead or otherwise defend as provided by the rules regarding
default judgments. A defendant must file his answer within 20
days after personal service of the summons and complaint. An
amended pleading supersedes the former pleading, therefore,
summary judgment was proper here since the defendant failed
to answer the plaintiff's second amended complaint within the
time allotted. The decision as to whether a default judgment
should be set aside is discretionary and will not be reversed on
appeal unless a clear abuse of discretion is shown. A default
judgment may be set aside only if good cause is shown and an
affidavit of facts showing a meritorious defense is filed. Defend-
ant herein failed to show the requisite good cause. The tax
consequences as a result of the purchase do not enter into the
computation of damages under the Uniform Securities Act.

Affirmed.

1. Judgment—Default Judgments—Affirmative Relief—Failure
to Plead—Court Rules.

A default judgment may be entered when a party against whom a

References for Points in Headnotes

[1] 47 Am Jur 2d, Judgments § 1165, 1166, 1168, 1181.
[2] 47 Am Jur 2d, Judgments § 1171.
[3, 5] 4 Am Jur 2d, Appeal and Error §§ 115, 127.
[4] 47 Am Jur 2d, Judgments §§ 1173-1185.
[6] 60 Am Jur 2d, Partnership § 390.

judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the rules regarding default judgments (GCR 1963, 520.1).

2. PLEADING—SUMMONS—COMPLAINT—ANSWER—AMENDED PLEADINGS—COURT RULES.

A defendant must file his answer within 20 days after personal service of the summons and a copy of the complaint; an amended pleading supersedes the former pleading, therefore, where a defendant fails to answer a plaintiff's second amended complaint within the time allotted, entry of a default judgment is proper (GCR 1963, 108.1, 118.1).

3. JUDGMENT—DEFAULT JUDGMENTS—SETTING ASIDE DEFAULT—DISCRETION—ABUSE OF DISCRETION—APPEAL AND ERROR.

The decision as to whether a default judgment should be set aside is discretionary, and will not be reversed on appeal unless a clear abuse of discretion is shown.

4. JUDGMENT—DEFAULT JUDGMENTS—SETTING ASIDE DEFAULT—REGULAR ENTRY.

The established policy of the courts in this state is against setting aside defaults which are regularly entered.

5. JUDGMENT—DEFAULT JUDGMENTS—SETTING ASIDE DEFAULT—GOOD CAUSE—AFFIDAVITS—COURT RULES.

A default judgment may be set aside only if good cause is shown and an affidavit of facts showing a meritorious defense is filed; good cause includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

6. DAMAGES—TAX CONSEQUENCES—CIVIL LIABILITY—UNIFORM SECURITIES ACT—STATUTES.

The tax consequences as a result of the purchase of a limited partnership interest do not enter into the computation of damages resulting from such purchase under the statute regarding civil liability under the Uniform Securities Act (MCL 451.810; MSA 19.776[410]).

*Ginn, Kramer & Jacobson, P.C.,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Joseph C. Basta),* for defendant.

Before: R. B. Burns, P.J., and D. F. Walsh and M. E. Clements,* JJ.

M. E. Clements, J. Defendant Bursar Realty Corporation appeals as of right from an October 13, 1977, order of Oakland County Circuit Court Judge Alice L. Gilbert, denying defendant Bursar Realty's motion to set aside a default judgment entered on September 8, 1977.

Plaintiffs filed complaints in October, 1974 against defendants, alleging that in 1972, defendants had sold plaintiffs limited partnership interests in Lone Pine Associates, a partnership intending to construct an office building, in violation of the Michigan blue sky law, MCL 451.801 *et seq.;* MSA 19.776(401) *et seq.*

Defendant Bursar Realty Corporation responded with a motion for accelerated judgment. Bursar claimed that plaintiffs' action was barred by the applicable statute of limitations, MCL 451.810(e); MSA 19.776(410)(e).

A hearing on the defendant's motion was held before Oakland County Circuit Court Judge William R. Beasley, Judge Gilbert's predecessor, in January, 1975. The parties disputed the date on which the partnership agreement was actually signed and executed. Judge Beasley suggested that the matter be deferred pending discovery. Judge Beasley also indicated that the defendant, Bursar Realty, could renew its motion for accelerated judgment at a later date. No formal order denying the defendant's motion was ever filed.

Plaintiffs filed a first amended complaint in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

January, 1975 and a second amended complaint in May, 1975. The effect of the amended complaints was to avoid the statute of limitations problem. Defendant Bursar Realty did not answer the amended complaints.

On November 19, 1976, plaintiffs moved for entry of a default judgment against defendant Bursar Realty Corporation. The court granted the motion on September 8, 1977, and awarded each plaintiff the $78,500 plus interest, costs, and attorney fees that each plaintiff had sought to recover from defendant Bursar Realty Corporation.

Defendant Bursar Realty Corporation brought a motion to set aside the default judgment or, in the alternative, to amend the amount of damages. Defendant argued that because plaintiffs had entered into the agreement with Lone Pine Associates to obtain tax losses, the amount of their loss was less than the $78,500 plaintiffs had invested in Lone Pine Associates. The trial court rejected this argument.

I. *Was the default judgment erroneously entered?*

According to GCR 1963, 520.1, a default may be entered when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend "as provided by these rules".

GCR 1963, 108.1 requires a defendant to file his answer within 20 days after personal service of the summons and a copy of the complaint. GCR 1963, 118.1 provides that an amended pleading supersedes the former pleading. Therefore, as the defendant Bursar Realty failed to answer the plaintiffs' second amended complaint within the time allotted, entry of a default judgment was proper.

The defendant argues that its motion for accel-

erated judgment based on the statute of limitations defense had never been denied, therefore, according to GCR 1963, 108.3(1), the time for filing an answer was extended until 20 days after denial of the motion.

It is true that no formal order denying the defendant's motion was ever entered, but the trial court implicitly denied the defendant's motion at the conclusion of the January 22, 1975, hearing.

The defendant relies on *Hosner v Brown,* 40 Mich App 515; 199 NW2d 295 (1972), *lv den* 388 Mich 758 (1972), which held that the time for an answer does not begin to run until after the defendant's order is signed and filed by the trial court, and that the subsequent default judgment based on failure to answer must be set aside as defective. However, *Hosner* can be distinguished on its facts. In *Hosner,* the defendant's motion to dismiss was heard on April 19, 1968, and denied orally. On April 30, 1968, the plaintiff submitted an order denying the defendant's motion, but that order was never signed. On May 15, 1968, the plaintiff entered a default judgment, because the defendant had failed to answer the *original* complaint within 20 days of entry of denial of its motion.

In the case at bar, however, the trial judge orally denied the defendant's motion on January 22, 1975. The plaintiffs filed their second amended complaint on May 22, 1975. This amended complaint superseded the original complaint. Bursar Realty did not answer the second amended complaint. The plaintiffs moved for a default judgment against Bursar Realty in November of 1976, and the actual default was entered in September, 1977. The record contains no reason for the defendant's failure to take action on the amended pleading during that protracted time period.

## II. *Did the trial court err in refusing to set aside the default judgment?*

The decision as to whether a default judgment should be set aside is discretionary, and will not be reversed on appeal unless a clear abuse of discretion is shown. *Milinsky v Schmidt, Ellis & Associates, Inc,* 48 Mich App 192, 197; 210 NW2d 367 (1973). The established policy of the courts in this state is against setting aside defaults which are regularly entered. *Zinn v Fischer Distributing Co,* 27 Mich App 591, 593; 183 NW2d 859 (1970), *lv den* 384 Mich 796 (1971).

GCR 1963, 520.4 provides that a default judgment may be set aside "only if good cause is shown and an affidavit of facts showing a meritorious defense is filed". The "good cause" requirement was explained in *Harrison v VMC Building Corp,* 71 Mich App 458, 460; 248 NW2d 584 (1976):

"Commenting on this requirement, the authors in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Comments, p 662, state:

" 'Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.' "

The defendant herein has failed to show the requisite good cause. Furthermore, the defendant's statute of limitations defense is not applicable to the second amended complaint.

The order denying the motion to set aside the default is hereby affirmed.

### III. *Did the trial court err in its award of damages?*

The Michigan blue sky act, MCL 451.801 *et seq.;* MSA 19.776(401) *et seq.,* provides in § 410 that a person violating the statute:

" \* \* \* Is liable to the person buying the security or commodity contract from him, who may sue either at law or in equity to recover the consideration paid for the security or commodity contract, together with interest at 6% per year from the date of payment, costs and reasonable attorneys' fees, less the amount of any income received on the security or commodity contract, upon the tender of the security or commodity contract, or for damages if he no longer owns the security or commodity contract. Damages are the amount that would be recoverable upon a tender less the value of the security or commodity contract when the buyer disposed of it and interest at 6% per year from the date of disposition."

The defendant does not contest the amount of money the plaintiffs invested in Lone Pine Associates. Instead, the defendant presents the novel argument, for which no authority is cited, that the valuation of the plaintiffs' investment should depend on the tax benefits which they may have received. We reject that argument. Tax consequences as a result of the purchase do not enter into the computation of damages under the statute.

Affirmed.