H & L HEATING COMPANY v BRYN MAWR APARTMENTS OF
YPSILANTI, LTD

Docket No. 44093. Submitted March 5, 1980, at Lansing.—Decided
May 19, 1980.

H & L Heating Company brought an action to foreclose a me-
chanic's lien on an apartment premises against Bryn Mawr
Apartments of Ypsilanti, Ltd. (BMA), a registered limited part-
nership which owns the apartments in question. Bar-Har In-
vestments, Inc. (BHI), and others who appeared to have a
property interest in the premises were made defendants in
accordance with the statutory and court rule requirement that
all parties having an interest in a property subject to foreclo-
sure be made parties to the action to foreclose a mechanic's
lien. Plaintiff made personal service of a summons and a copy
of the complaint upon both the resident manager of the apart-
ment complex and the president of BHI. On June 24, 1976, and
July 7, 1976, defaults were entered against BMA and BHI
respectively. Plaintiff mailed copies of the default and affidavit
in support of the default to BMA and BHI on November 3,
1976. On November 20, 1978, the Washtenaw Circuit Court,
Patrick J. Conlon, J., entered a default judgment against both
BMA and BHI in the amount of $4,003.77 plus $246 costs and
$500 attorney fees. Payment was ordered to be made on or
before December 11, 1978, with a sale of the premises to take
place if defendants defaulted. Defendants made a joint motion
to set aside the defaults and default judgments, which was
denied. Defendants subsequently filed a motion for a rehearing
on the motion to set aside the defaults and default judgments.
Following a hearing, the motion for rehearing was denied and
the trial court assessed costs of $100 in favor of plaintiff,
indicating that defendants' motion for rehearing raised nothing
which had not been raised in the original motion to set aside

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Partnership § 330.

[2] 46 Am Jur 2d, Judgments § 757 *et seq.*

[3] 53 Am Jur 2d, Mechanics' Liens § 359.

[4] 53 Am Jur 2d, Mechanics' Liens §§ 359, 425.

[5] 53 Am Jur 2d, Mechanics' Liens §§ 432, 433.

the defaults and default judgments and had required plaintiff's attorney to return to court and use time worth at least $100. Defendants appeal. *Held:*

1. The court rules require that service of process against a limited partnership must be made upon a general partner of that partnership. Since BMA is a limited partnership, service of process upon the resident manager of the apartment development does not satisfy the mandate of the court rules. While the president of BHI was a general partner of the BMA limited partnership, the service of process upon him was in his capacity as the president of BHI, not in his capacity as a partner of the limited partnership. Service of process upon a partner of a limited partnership in a capacity other than his partnership capacity does not satisfy the requirement of the court rule that service of process shall be upon a general partner of a limited partnership. Accordingly, the trial court never acquired jurisdiction over defendant BMA, and the usual temporal limitations on the time in which a motion to set aside the default and default judgment must be brought are not applicable. It, therefore, was error for the trial court to refuse to set aside the default and default judgment against defendant BMA.

2. In an action to foreclose a mechanic's lien, it is improper to enter a default money judgment against a defendant who was made a party to the proceedings because of the statutory requirement that the plaintiff join all parties having rights in the property which is subject to foreclosure. Since defendant BHI was made a defendant only because of its property interest in the subject premises, and in view of the fact that plaintiff's complaint did not allege any monetary liability on the part of BHI nor did it seek a monetary judgment against BHI, it was error to grant a default money judgment against BHI. Since defendant BHI is not answerable to plaintiff for damages, that default judgment must be set aside to prevent an unconscionable result.

3. The court costs entered in favor of plaintiff by the trial court after the hearing on the motion for rehearing the motion to set aside the defaults and default judgments were in the nature of attorney fees. Since there is no authority for the granting of attorney fees for the time associated with a hearing on a motion for rehearing a motion to set aside defaults and default judgments in an action to foreclose a mechanic's lien, it was error to assess defendants with those costs even if the motion for rehearing may have been frivolous.

Reversed and remanded.

1. PROCESS — SERVICE OF PROCESS — LIMITED PARTNERSHIPS —
   COURTS — JURISDICTION — COURT RULES.

   Neither service of process upon a resident manager of an apart-
   ment complex owned by a limited partnership nor service of
   process upon a general partner of a limited partnership in a
   capacity other than that of a partner in the limited partnership
   is sufficient, under the court rule relative to service of process
   on limited partnerships, to confer jurisdiction on the circuit
   court over the limited partnership (GCR 1963, 105.3).

2. JUDGMENT — DEFAULT JUDGMENT — MOTION TO SET ASIDE DE-
   FAULT — TIME LIMITS — LIMITED PARTNERSHIPS — SERVICE OF
   PROCESS — COURT RULES.

   A failure to make proper service of process on a limited partner-
   ship renders inapplicable the usual time limitations within
   which one must bring a motion to set aside a default; a limited
   partnership which is not served with process in compliance
   with the controlling court rule is timely in its filing of a motion
   to set aside a default and default judgment even though such
   motion was brought two years after being notified that plaintiff
   had taken a default (GCR 1963, 105.3, 528.3[4]).

3. JUDGMENT — DEFAULT JUDGMENT — PLEADING — DISCREPANCY
   BETWEEN COMPLAINT AND JUDGMENT — MECHANIC'S LIENS —
   COURT RULES.

   It is improper to enter a default money judgment against a
   defendant which was made a party by reason of the statutory
   and court rule requirement that the plaintiff must join all
   parties having rights in the property which is subject to the
   foreclosure in an action to foreclose a mechanic's lien where
   the plaintiff's complaint alleges no monetary liability of that
   defendant and alleges only that that defendant might have an
   interest in the property (MCL 570.10; MSA 26.290, GCR 1963,
   793).

4. JUDGMENT — DEFAULT JUDGMENT — MOTION TO SET ASIDE DE-
   FAULT JUDGMENT — TIME LIMITS — UNCONSCIONABLE RESULT
   — COURT RULES.

   A motion to set aside a default money judgment against a
   defendant which was not alleged to have monetary liability but
   rather only an interest in the property subject to the foreclo-
   sure in an action to foreclose a mechanic's lien may be brought
   at any time; a default judgment entered under such circum-
   stances should be set aside to prevent an unconscionable result
   (GCR 1963, 520.4, 528.3[6]).

5. Costs — Attorney Fees — Default Judgment — Motion to Set
   Aside Default Judgment — Motion for Rehearing.

   Court costs in the nature of attorney fees are not properly
   awarded for the time involved in the attendance at a hearing
   on a motion for rehearing a motion to set aside a default
   judgment in a mechanic's lien action, even if the trial court
   deems that the motion for rehearing was frivolous in nature,
   since the general rule in Michigan prohibits the awarding of
   attorney fees as an element of costs or damages.

*Thomas S. Leven,* for Bryn Mawr Apartments of
Ypsilanti, Ltd., and Bar-Har Investments, Inc.

Before: M. J. Kelly, P.J., and D. F. Walsh and
Beasley, JJ.

M. J. Kelly, P.J. On May 11, 1976, plaintiff filed
suit against defendant Bryn Mawr Apartments
(BMA) and Bar-Har Investments, Inc. (BHI), to
foreclose a mechanic's lien on the apartment
premises and recoup damages in the amount of
$4,003.77. Personal service of the summons and a
copy of the complaint was effected on Betty Mul-
lins, the BMA resident manager, on May 19, 1976,
and on Thomas Cape, President of BHI, on June 3,
1976. On June 24, 1976, and July 7, 1976, defaults
were entered against BMA and BHI respectively.
Plaintiff mailed copies of the default and affidavit
in support of the default to BMA and BHI on
November 3, 1976. On November 20, 1978, the
Washtenaw County Circuit Court entered a default
judgment against both defendants for failure to
plead or otherwise defend. The judgment deter-
mined that $4,003.77 was due to plaintiff, and
ordered defendants to pay that sum plus $246
costs and $500 attorney's fees. Payment was or-
dered to be made on or before December 11, 1978,
with a sale of the premises if defendants defaulted.
A copy of the judgment was mailed to defendants
on November 20, 1978. A joint motion to set aside

the defaults and default judgments was denied on January 10, 1979, and a motion for rehearing was denied on February 20, 1979. Defendants filed a claim of appeal as of right on March 8, 1979, pursuant to GCR 1963, 806.1. Plaintiff has not responded in this Court.

The complaint filed on May 11, 1976, alleged: that plaintiff furnished materials, supplies and labor with regard to the erection of a building on premises owned by BMA; that plaintiff had filed a mechanic's lien on the premises; that BMA had failed to pay the amount due thereunder ($4,003.77, as of May 11, 1976); and that BHI, among others, appeared to have an interest in the premises. Plaintiff requested that the court determine the amount due and, in default of payment therefor, order sale of the land with payment to plaintiff from the proceeds.

On December 11, 1978, the date scheduled for payment, defendants filed a joint motion to set aside the defaults and the default judgment. The motion was premised on the defendants' allegations that full payment of all claims had been made, and that defendants' attorney had no notice of the claim until after judgment had been entered.[1] An affidavit in support of the motion stated: that BMA is a registered, limited partnership; that service on such an entity must be made on a general partner, pursuant to GCR 1963, 105.3(1), or by service upon a person in charge of the partnership office *and* by sending a summons and a copy of the complaint by registered or certified mail to a general partner, pursuant to GCR 1963, 105.3(2); that no general partner of BMA was ever so served; and that the court thus had no personal

---

[1] This question of notice to defendants' attorney is not discussed in defendants' appellate brief.

jurisdiction over BMA. Defendants' meritorious defense was that plaintiff received full payment of the amount due by means of the 1977 liquidation of a vendor's interest plaintiff held in certain property as security for the amount due from BMA. Defendant BHI alleged that the default judgment should be set aside as to it due to the fact that the mechanic's lien and the underlying contract were between plaintiff and BMA only.

On December 22, 1978, plaintiff filed an answer to the motion in which it denied receipt of payment and denied that defense counsel was without notice of the case until after entry of the default judgment, alleging that he was "present on November 20, 1978, prior to entry of default judgment". Plaintiff further stated that the summons and a copy of the complaint served on Thomas Cape, president of BHI and a general partner of BMA, on June 3, 1976, were in full compliance with GCR 1963, 105.3(1) and that the land contract assignment was not made in satisfaction of sums due to plaintiff from BMA.

An order denying defendants' motion was entered on January 10, 1979, which was followed by defendants' motion for rehearing, filed January 30, 1979. The rehearing motion was premised on an alleged oral admission by a representative of plaintiff to defense counsel that plaintiff had received $24,000 in cash on liquidation of the security interest on the land contract. In answer, plaintiff argued that the alleged admission was refuted by an affidavit filed earlier in the case. On February 20, 1979, an order denying the motion for rehearing was entered.

I

Defendants argue that the default judgment

must be set aside due to the trial court's lack of personal jurisdiction over BMA resulting from defective service of process. A summons directed at BHI and a copy of the complaint were personally served on Thomas Cape as president of BHI, who is coincidentally also a general partner of BMA. No notation on that summons was directed at BMA or Thomas Cape *as general partner of BMA;* however, service of a summons and a copy of the complaint was effected upon Betty Mullins, the resident manager of the apartments. The file in this matter includes a return of service made on Betty Mullins and an affidavit of service upon BHI "by delivering same to Mr. Thomas Cape, President". No return of service was made on any partner of BMA. Given Mr. Cape's concomitant status as president of BHI and general partner of BMA, the question becomes whether the method of service sufficiently complied with GCR 1963, 105.3 which provides:

"Partnerships and Limited Partnerships. Service of process upon a partnership or limited partnership may be made by

"(1) Leaving a summons and a copy of the complaint with any general partner personally, or

"(2) Leaving a summons and copy of the complaint with a person in charge of a partnership office or business establishment at such office or place of business and sending a summons and a copy of the complaint by registered mail, addressed to any general partner at his usual place of abode or last known address."

We find the service of process effected in the instant case did not sufficiently comply with the above rule to afford adequate notice to defendant BMA or to confer personal jurisdiction over BMA. The overriding purpose of service of process rules

is to ensure actual notice and opportunity to defend. 1 Callaghan's Michigan Pleading & Practice (2d ed), § 16.01, p 558. Although a general partner of BMA had actual notice of a suit against it, he received this notice indirectly, in his status as president of another defendant in the same suit. Mr. Cape was given no indication that he was served as a general partner of BMA. There was no mechanism to invoke any partnership responsibility. Mr. Cape was not personally served in his capacity as a general partner of defendant BMA nor did any partner receive process by registered mail in conjunction with the service upon Ms. Mullins. We conclude that the trial court did not acquire proper jurisdiction. See *Reinecke v Sheehy,* 47 Mich App 250; 209 NW2d 460 (1973). Further, failure to effect such service renders inapplicable the usual time limitation on motions to set aside default judgments. *John W Masury & Son v Lowther,* 299 Mich 516, 526; 300 NW 866 (1941), GCR 1963, 528.3(4). Defendant BMA's motion was timely, though filed more than two years after plaintiff notified BMA that it was taking the default.

Because the default judgment as to BMA is void for want of jurisdiction we need not consider the issue of defendants' meritorious defense.

## II

Defendants claim further error in the trial court's grant of default judgment against defendant BHI for money damages since plaintiff's complaint did not seek a judgment against BHI. Defendant BHI was properly made a party to this action pursuant to MCL 570.10; MSA 26.290 and GCR 1963, 793 which require plaintiff to join all parties having rights in the property subject to the fore-

closure of the mechanic's lien. The complaint alleged no monetary liability in BHI as to plaintiff's claim; it alleged only that BHI might have an interest in the premises. The mechanic's lien itself indicates that BMA was the only party to the contract with plaintiff. Therefore, the default judgment against BHI cannot stand given the discrepancy between it and the relief sought in plaintiff's complaint. *Wayne Creamery v Suyak,* 10 Mich App 41; 158 NW2d 825 (1968), and GCR 1963, 518.

GCR 1963, 520.4, provides in part:

"If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered *except as provided in Rule 528.* * * * A proceeding to set aside a default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." (Emphasis added.)

GCR 1963, 528.3(6) permits the court to relieve a party from a final judgment or order for any reason justifying relief, unrestricted by specific time limitations within which the application must be made. In connection with the above rule, this Court, in *McDonough v General Motors Corp,* 6 Mich App 239, 246; 148 NW2d 911 (1967), discussed the propriety of setting aside a default judgment against a party who is apparently not liable to the plaintiff:

"Such an application for our own court rule appears appropriate in the instant case. Justice certainly is not served by extracting a judgment from one whose lack of connection with the grievance has been strongly indi-

cated. The thrust of GCR 1963, 528.3(6), is clearly to free courts from the fetters of a set of specifically delineated bases for relieving from default whenever manifest injustice or an unconscionable result flows from the default."

Good cause for setting aside the default judgment is shown when manifest injustice would result from permitting the default to stand. *First Bank of Cadillac v Benson,* 81 Mich App 550, 553; 265 NW2d 413 (1978). Along with their joint motion to set aside the default judgment, defendants filed an affidavit of facts asserting a meritorious defense of prior payment of the debt to plaintiff. Defendant BHI was not required to individually defend against the allegations contained in plaintiff's complaint since it was named as a defendant solely because of its recorded interest in the premises subject to foreclosure of the mechanic's lien. Defendant BHI is not legally answerable to plaintiff in damages here. The default judgment is hereby set aside to prevent an unconscionable result.

### III

Finally, we find that the trial court abused its discretion in awarding costs of $100 to the plaintiff following denial of defendants' motion for rehearing. Defendants contend that the motion for rehearing was based upon new evidence discovered after the initial motion to set aside the default and default judgment, indicating that plaintiff had been paid in full. At the close of the rehearing motion, the trial court assessed costs as follows:

"THE COURT: Motion is denied. Costs of $100 to the respondent. That's all.

"Mr. Leven: Your Honor, he never asked for costs. He never asked for costs.

"The Court: Well, he's getting costs because this is the second time I have heard the motion. It is no difference [sic] than from [sic] the first one. I denied the first one and you come back a month late, bringing him back and his time has got to be worth at least $100.

"Mr. Leven: The difference is, your Honor, that there was a conference held right afterwards—

"The Court: Wait a minute. Didn't you hear me? Motion denied. $100 costs.

"Mr. Wooters: Thank you, your Honor. We will prepare an Order."

MCL 570.12; MSA 26.292, provides that the court may "in its discretion, allow a reasonable attorney's fee when judgment shall be rendered" in a proceeding to enforce a mechanic's lien "in favor of the parties succeeding therein". The court's reference to plaintiff's attorney's "time" suggests that the $100 costs were intended as attorney's fees. The judge apparently assessed such an amount on the belief that defense counsel's motion for rehearing was not significantly different from his motion to set aside the default. Such a premise does not bring the award within the statutory provision for attorney's fees in actions to enforce mechanic's liens. A motion for rehearing may be made in any action. Rather, the amount assessed appears to be in the nature of a penalty against defendants for requiring plaintiff's attorney to appear at a hearing on a frivolous motion. There is no authority for such an award. The general rule in Michigan prohibits the awarding of attorney's fees as an element of costs or damages. *Birou v Thompson-Brown Co,* 67 Mich App 502, 515; 241 NW2d 265 (1976), *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74; 212 NW2d 821 (1973), *Salvador v Connor,* 87 Mich

App 664, 678-680; 276 NW2d 458 (1978) (KELLY, J.,
dissenting), *lv den* 406 Mich 966 (1979).

The defaults and default judgment and assign-
ment of costs are hereby set aside and the cause
remanded for further proceedings consistent with
this opinion.