A & K RESTAURANTS, INC v GJOKA

Docket No. 57985. Submitted February 11, 1982, at Detroit.—Decided July 13, 1982.

A & K Restaurants, Inc., brought an action against Vata Gjoka and Hana Gjoka for breach of a purchase agreement. The summons and complaint were served upon Vata Gjoka. No responsive pleadings were filed and plaintiff filed a motion for default, which was granted. A default judgment was entered against defendants and, two weeks later, defendants filed a motion to set aside the default judgment. The Macomb Circuit Court, George R. Deneweth, J., denied the defendants' motion and they appeal. *Held:*

The trial court's denial of the motion to set aside the default judgment was an abuse of discretion. Under the facts of the case, allowing the default judgment to stand would be manifestly unjust.

Reversed and remanded for entry of an order granting the defendants' motion.

D. C. Riley, P.J., dissented. She would hold that the trial court did not abuse its discretion in finding that the defendants failed to show good cause for setting aside the default judgment. However, the decision was only based on one of the reasons set forth by defendants for setting aside the judgment. Judge Riley would remand for a determination by the trial court of whether the judgment should be set aside on the basis of manifest injustice.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments §§ 739, 776.

Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.

[2, 4] 46 Am Jur 2d, Judgments § 682.

[3] 46 Am Jur 2d, Judgments §§ 709, 717.

Fraud in obtaining or maintaining default judgment as ground for vacating or setting aside in state courts. 78 ALR3d 150.

[4] 47 Am Jur 2d, Judgments § 1152.

OPINION OF THE COURT

1. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE JUDGMENT — COURT RULES.

A trial court may set aside a default judgment where the defendant makes a showing of good cause and files an affidavit of facts showing a meritorious defense; good cause for setting aside a default judgment is shown where manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

2. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE JUDGMENT.

A trial court's decision regarding whether a default judgment should be set aside is discretionary and will only be reversed upon a showing of a clear abuse of discretion.

DISSENT BY D. C. RILEY, P.J.

3. JUDGMENTS — SETTING ASIDE JUDGMENT — COURT RULES.

*Relief from a judgment is permissible upon a showing of mistake or excusable neglect, fraud, or misrepresentation by an adverse party, or any other reason justifying relief from the operation of the judgment (GCR 1963, 528.3).*

4. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE JUDGMENT — COURT RULES.

*A trial court's order refusing to set aside a default judgment, where the trial court failed to consider the applicability of a court rule allowing relief from judgments and failed to exercise its discretion as to that rule on the record, necessitates a remand for a determination of whether the court rule should apply to the case (GCR 1963, 528.3).*

*Doherty & Thomas, P.C.,* for plaintiff.

*Ronald R. Gold,* for defendants.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. On May 8, 1980, plaintiff commenced this action for breach of a purchase agreement and copies of a summons and complaint were served upon defendant Vata Gjoka. When no responsive pleadings were filed, a default judgment against defendants was entered. Defendants moved

to set aside the default with supporting affidavits, but their motion was denied. Defendants appeal as of right, GCR 1963, 806.1.

On appeal, defendants argue that the trial court erred when it refused to set aside the default judgment. GCR 1963, 520.4 allows a trial court to set aside a default judgment where defendant makes a showing of good cause and an affidavit of facts showing a meritorious defense is filed. The decision as to whether a default judgment should be set aside is discretionary and will not be reversed unless a clear abuse of discretion is shown. *Borovoy v Bursar Realty Corp,* 86 Mich App 732, 737; 273 NW2d 545 (1978), *lv den* 406 Mich 924 (1979). Good cause for setting aside a default judgment is shown when manifest injustice would result from permitting the default to stand. *H & L Heating Co v Bryn Mawr Apartments of Ypsilanti, Ltd,* 97 Mich App 496, 505; 296 NW2d 354 (1980).

While we agree with the dissent that defendants should have known an action was commenced against them, we disagree that the trial court did not abuse its discretion when it failed to set aside the default judgment. In the affidavit annexed to the brief in support of the motion to set aside the default judgment, defendants claimed that the machines had been returned to their rightful owners, A & M International Leasing Corp.; that defendants had informed plaintiff's principal of that fact and that plaintiff's principal "indicated that the matter was resolved"; and that defendants had no further liability thereon.

Furthermore, plaintiff's attorney, at oral arguments before this Court, conceded that it did not have to make payments on the leased machines to the rightful owners of the machines. Since plaintiff did not have to pay for the machines, we find that

it would be manifestly unjust to allow the default judgment to stand.

We reverse the trial court's denial of the motion to set aside the default judgment and remand for entry of an order granting said motion.

D. C. RILEY, P.J. *(dissenting).* I respectfully dissent.

On May 8, 1980, plaintiff filed a complaint against defendants for breach of a purchase agreement. A copy of the summons and complaint were personally served upon defendants on May 23, 1980. After no responsive pleadings were filed, an affidavit in support of default and a motion for default were filed on June 3, 1980. A hearing was held on February 23, 1981, and a default judgment was entered against defendants in the sum of $11,552.90, plus interest, costs, and attorney fees.

Two weeks later, on March 9, 1981, a motion to set aside the default judgment was filed by defendants. Affidavits and beiefs were submitted by both sides. Defendants' motion was denied by the court.

Defendants raise three issues on appeal: (1) did they ever assume any obligation upon the lease which plaintiff had with a third party, (2) did the plaintiff sustain any damages, and (3) should the default judgment have been set aside? These issues may be synthesized into the properly reviewable issue of whether the trial court erred in denying defendants' motion to set aside the default judgment.

GCR 1963, 520.4 requires that a judgment by default be set aside only if good cause and a meritorious defense is shown. Defendants also argued GCR 1963, 528.3 as a basis for setting aside the default judgment. This provision provides that relief from a judgment is permissible for the fol-

lowing reasons: mistake or excusable neglect, fraud, or misrepresentation by an adverse party, or any other reason justifying relief from the operation of the judgment.

The trial court determined that defendants failed to show good cause for setting aside the judgment. The court stated:

"[T]he defendants filed a motion to set aside the default judgment alleging that the defendants are both immigrants, limited in the use of the English language, and that they did not realize that a suit had been instituted against them and also alleging meritorious defenses. The established policy of courts in this state is against the setting aside of default judgments regularly entered. See *Borovoy v Bursar Realty Corp,* 86 Mich App 732 [273 NW2d 545] (1978). It is also the rule in this state that before a default judgment will be set aside both good cause for failing to comply with the court rule and a meritorious defense must be shown. Generally speaking, when one fails to secure counsel for himself even though he has sufficient time to do so, a default judgment entered in the interim will stand. See *First Bank of Cadillac v Benson,* 81 Mich App 550 [265 NW2d 413] (1978).

"In applying these principles to the instant case this court does not accept the defendants' contention that they did not realize that a suit had been started against them. Process was served upon them, and anyone, even with a limited understanding of English, would be put upon notice by the service of process that some assistance should be secured and some action taken. Yet, these defendants sat idly by for almost a year before they did anything and then only acted when they were notified that a judgment had been taken against them.

"This court is not satisfied that good cause has been shown.

"It therefore follows that the motion to set aside the default judgment should be and the same hereby is denied.

"It is so ordered."

The decision as to whether to set aside a default judgment is discretionary with the trial court and will not be set aside on appeal unless a clear abuse of discretion is shown. *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701, 707; 299 NW2d 370 (1980), *lv gtd* 411 Mich 900 (1981). While the court's decision was not an abuse of discretion, it was limited to only one reason, GCR 1963, 520.4, raised by defendants for setting aside the judgment.

Defendants also asserted that the default judgment should be set aside pursuant to GCR 1963, 528.3. This rule provides a procedure by which the court is permitted to exercise its discretion in striking a balance between the desire to achieve finality and remedying injustice. *Cooper v Automotive Finishes, Inc,* 109 Mich App 530; 311 NW2d 414 (1981). Since the trial court apparently failed to consider the applicability of GCR 1963, 528.3 and failed to exercise its discretion under this court rule on the record, I would remand for a determination as to whether the default judgment should be set aside under GCR 1963, 528.3.

The majority reverses because it would be manifestly unjust to allow the default judgment to stand. Apparently, the majority has determined that GCR 1963, 528.3 provides the proper grounds for relief. In light of the business nature of the underlying transaction, it can be argued that manifest injustice does not exist here. I believe the trial court should have an opportunity to pass on this issue and, therefore, would remand.