YENGLIN v MAZUR

Docket No. 60127. Submitted May 19, 1982, at Detroit.—Decided November 4, 1982.

Clarence E. Yenglin brought an action against Richard F. Mazur and several other defendants, including KMW Investment Company, a partnership, alleging that the partnership breached its obligations to the plaintiff, who is himself a partner. The plaintiff alleged that the various defendants were jointly liable. The Oakland Circuit Court, Alice L. Gilbert, J., granted defaults and subsequently entered a default judgment against KMW Investment, Arthur J. Roshak and Leon B. Hadley. Several other defendants remain active in the litigation. After the court denied their motion to set aside the default judgment and entered an order declaring the default judgment to be a final order for purposes of appeal, George LaPlata, J., defendants KMW Investment, Roshak and Hadley appeal, alleging that the trial court erred in refusing to set aside the default judgment. *Held:*

1. Appellants argue that the complexity of the issues and their attorney's difficulty in contacting other members of the partnership constitute a reasonable excuse for their failure to file a timely answer. Even if that were a justification, appellants are not excused for the failure to notify the court of their problem or to file for an extension of time within which to file their answer. The trial court's finding that they did not present

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 854.
 46 Am Jur 2d, Judgments § 682.
 Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.
[2] 46 Am Jur 2d, Judgments § 708.
[3] 47 Am Jur 2d, Judgments § 1169.
[4] 46 Am Jur 2d, Judgments § 724.
 Opening default or default judgment claimed to have been obtained because of attorney's mistake as to time or place of appearance, trial, or filing of necessary papers. 21 ALR3d 1255.
[5] 60 Am Jur 2d, Partnership §§ 322, 324.
[6] 47 Am Jur 2d, Judgments §§ 1160, 1173.

a reasonable excuse for their failure to file a timely answer was not an abuse of discretion.

2. A partnership is a separate legal entity and may be sued by one of its partners for breach of a partnership obligation.

3. Where the plaintiff alleges joint liability and only some of the defendants default the proper procedure is to enter a default as to those defendants but to withhold the entry of a default judgment until adjudication of the merits with respect to the nondefaulting defendants. The default judgment should not be allowed to stand.

The denial of the motion to set aside the default is affirmed. The entry of the default judgment is vacated.

1. JUDGMENTS — DEFAULT JUDGMENT — SETTING ASIDE DEFAULT.

The decision of whether to set aside a default judgment is a matter committed to the sound discretion of the trial court and will not be reversed on appeal unless a clear abuse of discretion is shown.

2. JUDGMENTS — DEFAULT — SETTING ASIDE DEFAULT.

Good cause sufficient to set aside an entry of default includes such matters as (1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

3. JUDGMENTS — DEFAULT — SETTING ASIDE DEFAULT.

A party against whom a default has been entered and who claims that the complexity of the matter prevented the filing of a timely pleading is not excused from the requirement of timely filing, even if such a claim were sufficient justification for the failure to file, where the party failed to notify the court of the dilemma or failed to file with the court a request for an extension of time within which to file the pleading (GCR 1963, 108.7[2]).

4. JUDGMENTS — DEFAULT — SETTING ASIDE DEFAULT.

The neglect of a defendant's attorney is not adequate grounds for setting aside a default and such neglect is attributable to the defendant.

5. PARTNERSHIP — SUIT BY PARTNER AGAINST PARTNERSHIP.

A partnership is a separate entity for purposes of litigation, and a partner may sue on a general obligation of his partnership

without the necessity of first bringing an action for an accounting (MCL 600.2051[2]; MSA 27A.2051[2]; GCR 1963, 201.3[3]).

6. JUDGMENTS — DEFAULT — DEFAULT JUDGMENT — MULTIPLE DEFENDANTS.

The proper procedure where a plaintiff's complaint alleges joint liability of several defendants and one of the defendants defaults is to enter a default against that defendant but withhold entry of a default judgment until adjudication of the liability of the nondefaulting defendants.

*Snyder & Handler, P.C.* (by *David S. Snyder*), for plaintiff.

*Anthony B. Roshak,* for appellants.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Defendants KMW Investment Company, Arthur Roshak and Leon Hadley appeal by right from a default judgment in favor of the plaintiff, granted by the trial court pursuant to GCR 1963, 520.2(2) on May 3, 1978. The appellants' motions to set aside the default judgment were denied. Appellants' prior appeal was dismissed by this Court for lack of jurisdiction since the trial court judgment was not final pursuant to GCR 1963, 518.2. Following a remand from this Court, the trial court rendered the judgment final under the requirements of GCR 1963, 518.2, and appellants now appeal by right.

Appellants first argue on appeal that the trial court erred in refusing to set aside the default judgment. Appellants allege that they showed good cause for having the default judgment set aside by showing that their attorney's failure to file a timely answer resulted from the complexity of the issues involved and the number of parties named

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

in the complaint. Furthermore, the appellants allege that they clearly demonstrated a number of meritorious defenses to the plaintiff's claim, and therefore the trial court should have granted their motion.

A default may be set aside under GCR 1963, 520.4, in the following manner:

".4 Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in Rule 528. * * * A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

Since the appellants moved to set aside the defaults within four months after the defaults were entered, they were not required to seek relief pursuant to GCR 1963, 528, but only needed to show good cause and the existence of a meritorious defense under GCR 1963, 520.4.

Even if the requirements of GCR 1963, 520.4 are met, the decision to set aside a default judgment is a matter committed to the trial court's sound discretion and will not be reversed on appeal unless a clear abuse of discretion is shown. *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701, 707; 299 NW2d 370 (1980), *aff'd in part* 413 Mich 573; 321 NW2d 653 (1982); *Borovoy v Bursar Realty Corp,* 86 Mich App 732, 737; 273 NW2d 545 (1978). Further it is the policy of the

courts of this state to uphold defaults which are regularly entered. *Borovoy, supra.* In *Glasner v Griffin,* 102 Mich App 445, 448; 301 NW2d 889 (1980), this Court explained the good cause requirement of GCR 1963, 520.4 as follows:

" 'Good cause' sufficient to set aside an entry of default under the above cited court rule includes such matters as '(1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.' " (Citations omitted.)

Appellants do not allege that there was a substantial defect or irregularity in the proceedings upon which the default was based. Rather, they argue that the complexity of the issues involved and their attorney's difficulty in contacting the other members of the partnership constituted a reasonable excuse for their failure to defend earlier. Appellants cite no authority to support their position that the complexity of issues involved in a case justifies a failure to file a timely answer. Assuming such a problem would justify the lack of a timely answer, the appellants are not excused from the filing requirements where they failed to notify the court of their dilemma or failed to file with the court a request for an extension of time within which to file their answer. GCR 1963, 108.7(2), *Okros v Myslakowski,* 67 Mich App 397, 401; 241 NW2d 223 (1976). Furthermore, the neglect of the appellants' attorney is not adequate grounds for setting aside a default, and such neglect is attributable to the appellants. *Okros, supra,* 400. We find that the trial court did not abuse

its discretion in finding that the appellants did not present a reasonable excuse for their failure to file a timely answer. *Glasner, supra.*

Appellants next argue that manifest injustice will result if the default is permitted to stand because the law does not permit a partner to maintain an action against the partnership of which he is a member, and if the plaintiff's complaint thus fails to state a claim on which relief can be granted, it cannot support a default judgment. *Hofweber v Detroit Trust Co,* 295 Mich 96; 294 NW 108 (1940); *State ex rel Saginaw Prosecuting Attorney v Bobenal Investments, Inc,* 111 Mich App 16, 22; 314 NW2d 512 (1981). Appellants contend that, where a partner alleges that the partnership has breached an obligation that it owes to the partner, the partner's exclusive remedy is to bring an action for an accounting under MCL 449.22; MSA 20.22.

Appellants' assertion that a partner may not sue his own partnership is based on the Michigan Supreme Court decisions in *Mitchell v Wells,* 54 Mich 127; 19 NW 777 (1884), and *Kalamazoo Trust Co v Merrill,* 159 Mich 649; 124 NW 597 (1910). In *Mithcell* the plaintiff sued his co-partner to recover on a note. The Court noted that "no man can sue himself at law" but held that the plaintiff's action was not against the partnership but against the defendant individually and as such could be maintained as an action at law. *Mitchell, supra,* p 129.

In *Kalamazoo Trust Co, supra,* the trustee of a bankrupt partnership brought an action on a note against the defendant, who was not a member of the partnership, although other obligors on the note were members of the partnership. The Court stated:

"With reference to the first question, we think it may be said to be settled law in this State that a copartnership may not maintain a suit at law against one of its partners, and the reason for the rule is that, inasmuch as *all* the partners have a *joint* interest in the claim, *all* are necessary parties plaintiff, and to permit the action would present the anomaly of a single individual acting as both plaintiff and defendant in the same suit. And it is elementary that in suits at law, by or against a copartnership, all the partners must be named as plaintiffs or defendants, as the case may be." 159 Mich 649, 653-654.

The two foregoing cases illustrate the former rule that a partner could not sue or be sued at law by the partnership because the partnership was not recognized as an entity distinct from its individual partners. However, in 1961, the Legislature amended the Revised Judicature Act to provide the following:

"A partnership * * * may sue or be sued in its partnership or association name, or in the names of any of its members designated as such or both." MCL 600.2051(2); MSA 27A.2051(2), GCR 1963, 201.3(3).

Thus, a partnership is now recognized as a separate entity for purposes of litigation. *Wayne-Oakland Bank v Adam's Rib,* 48 Mich App 144; 210 NW2d 121 (1973), *lv den* 390 Mich 796 (1973). We find that since a partnership is a separate legal entity for purposes of litigation, capable of suing and being sued, the plaintiff may sue on a general obligation of his partnership without the necessity of first bringing an action for an accounting.

Second, the appellants argue that it was improper for the trial court to enter a default judgment against them where liability is alleged to be joint with other named defendants against whom

the plaintiff's claims are still pending. Appellants claim that until the liabilities of all the parties are determined a judgment against some, but not all, is premature and could result in inconsistent judgments if the remaining defendants prevail.

Plaintiff's complaint alleges a breach of contract with respect to the partnership and claims that the remaining defendants are liable by virtue of their status as partners. Plaintiff relies on MCL 449.15; MSA 20.15, which provides:

"Sec. 15. All partners are liable:
"(a) Jointly and severally for everything chargeable to the partnership under sections 13 and 14;
"(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

Plaintiff's claim of breach of fiduciary duty also seeks the imposition of joint liability under this statute.

In *Ackron Contracting Co v Oakland County*, 108 Mich App 767, 773-774; 310 NW2d 874 (1981), this Court stated the following:

" 'Where there are several defendants a question may arise as to whether, after entry of a default against one, a default judgment can be entered immediately against the defaulting defendant or whether entry must be postponed until all the defendants are in default or the case is tried as to the defendants not in default.' * * *

" 'The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court * * *. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the

defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.' "

Plaintiff in the instant case claims that the liability of the various defendants is joint. The remaining defendants have filed answers denying that the partnership breached its obligation to the plaintiff and also denying that there was a breach of fiduciary duty. Based on the principles stated in *Ackron, supra,* entry of a default judgment should await an adjudication of the liability of the nondefaulting defendants. It would be manifestly unjust to allow the judgment against the appellants to stand if it is subsequently determined that the plaintiff has no cause of action against the remaining defendants. We appreciate the fact that such a holding may appear to allow the appellants to assert their defenses vicariously through the remaining defendants. However, it should be remembered that the purposes of default procedures are to keep dockets current and to expedite disposal of causes. *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974). Those purposes will not be undermined by our holding in this case since the claims against the remaining defendants must still be resolved regardless of whether the judgment against the appellants in this appeal remains intact. Judicial economy will be served to the extent that the plaintiff will be relieved of the duty of establishing liability regarding the defaulting defendants.

In conclusion, we affirm the order of the trial court denying the appellants' motion to set aside the default. However, we vacate the entry of the default judgment against the appellants.

Affirmed in part, reversed in part.